## JAMES NATIONS v. D. J. CUDD.

A discharge, by the employer, of an overseer, hired for a year, without fault on his part, entitles him to an action for damages, for that breach of the contract.

Where the employer agreed to pay the overseer $400, and to furnish his family breadstuffs, for his services, and the proof showed that, after his discharge, he could not obtain employment, the court below did not err in refusing to set aside a verdict for less than $400, the testimony justifying the verdict, as to the amount of damages actually sustained.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

This was a suit brought by the defendant in error, against the plaintiff in error, for damages. The petition and amended petition alleged, that the plaintiff was employed by the defendant to oversee his farm and negroes, for the term of one year, embracing the year 1857; that the defendant, for his services, agreed to pay him the sum of four hundred dollars; to furnish him the use of a house, on the plantation, with breadstuffs for himself and his family, and with corn and fodder for one horse belonging to petitioner, for the year 1857. That he, (petitioner,) commenced the performance of the contract, on his part, on the first of January, 1857, and in all things complied with the same; that on the 30th day of April, of said year, the defendant discharged him, against his will; that he was ready and willing to carry out his engagement, but was not permitted so to do, by the defendant. In consequence whereof, he was greatly damaged, in not being able to procure another situation, or employment, during the balance of the year, which he endeavored thereafter to obtain, but in vain. He claimed $300 damages, for such want of employment; $300 cost, in procuring 150 bushels of corn, at $2 per bushel; and $47 for three barrels of flour, and hauling the corn at an expense of twenty-five dollars. He claimed other damages as resulting from his

said discharge, and five hundred dollars damages for the injury to his reputation as an overseer.

The defendant pleaded the general issue, and his answers set up various defences, which need not be stated. Verdict and judgment was rendered in favor of the plaintiff, for the sum of three hundred and twenty nine dollars and fifty seven cents.

Motion for new trial by the defendant; three of the grounds of which were that: 1st. The court erred in its charge to the jury. 2d. The verdict of the jury was contrary to the law and evidence. 3d. The verdict was excessive. The motion was overruled.

The charge of the court was as follows: "If the jury be-"lieve, from the evidence, that the contract of hiring, in this "case, was made for the year, and that the plaintiff fully per-"formed his part of the contract, with reasonably fair ability, "as an overseer, and that contrary to the will of the plaintiff, "the defendant discharged him, and refused to have him further "control and manage his business, then you should find for the "plaintiff the amount agreed upon, by the parties, for the time "he was in the service of defendant, and such damages as you "may believe the plaintiff has suffered, by being turned out of "employment, so that the whole amount does not exceed the "amount agreed upon by the parties, as compensation for the "year's services. But if you believe that, by the terms of the "contract, Nations was at liberty to discharge Cudd, at any "time when he might be disposed to do so, and to pay in pro-"portion for the time Cudd was in the employment of Nations, "then you should find for the plaintiff only for such time, as is "shown by the testimony; deducting the amount of the judg-"ment in the Justice's Court transferred to Nations, and such "items of offset as you may believe proved by the testimony "before you."

The jury allowed the only offset proved, to wit, the judgment of the Justice's Court, amounting to $35 15. The errors assigned, so far as the same were deemed essential to be con-

sidered by the court, were the same grounds relied on in the motion for new trial.

The other facts appear from the opinion.

*Stewart* and *Harwood*, for the appellant.

*Mills* and *Batchelor*, for the appellee.

BELL, J. Several of the witnesses in the case speak of the employment of Cudd, by Nations, as an employment for a year, without any qualification. One of the witnesses, who is a son of the plaintiff in error, says that the employment was for a year, but that Nations expressly reserved to himself the right to discharge Cudd at any time, if he found that Cudd did not suit him. The testimony is, that Cudd assented to this, saying that he did not wish to live with any one whom he could not please. We may assume, then, that the employment was for a year.

There is no testimony whatever to show that Nations found any fault with the overseer, Cudd, or that he ever declared that Cudd did not suit him as an overseer. On the contrary, the evidence is positive, that when Nations informed Cudd of his intention to discharge him, he told Cudd that he had no objection to him as an overseer, and that Cudd managed his business well. The reason given by Nations for discharging Cudd was, that there was a bad prospect for a crop; that the times were hard; that his (Nations's) expenses were very heavy; and that he must dispense with Cudd's services.

We are of opinion that, by the terms of the contract, the employer had no right to discharge the overseer at the end of the month of April, for the reasons assigned by him. The question then arises, whether or not the testimony supports the verdict of the jury. It was settled, in the case of Meade v. Rutledge, 11 Tex. Rep. 44, and in the case of Hassell v. Nutt, 14 Id. 260, that contracts for an overseer's wages, like the one now under consideration, are not treated as entireties, and

Nations v. Cudd.

incapable of apportionment. In those cases, it was said, that the overseer could maintain his action for damages, immediately upon the breach of the contract by his employer; and that the true measure of damages was, the damage actually sustained by the overseer, on account of the breach of the contract by his employer. Cudd was then entitled to his action for damages, when Nations discharged him without any cause, such as was contemplated by their contract.

The evidence shows that Nations was to pay Cudd four hundred dollars per annum for his services, and to furnish Cudd and his family with breadstuffs; or, as some of the witnesses expressed it, Nations was to pay Cudd four hundred dollars, and furnish everything. The evidence shows that Cudd tried to get employment after he was discharged, and that he could not find employment. One witness testified, that it would cost as much as two hundred dollars, to furnish Cudd's family with breadstuffs, from the time he was discharged until the end of the year. The rent of the house occupied by Cudd, after his discharge, was also proved to be worth from five to ten dollars per month.

The evidence shows that Cudd was an industrious man; that he kept the farm in good order, cultivated it well, and was considered a good overseer. We think that the case was very fairly submitted to the jury, and that their verdict is supported by the evidence.

The judgment of the court below is therefore affirmed.

Judgment affirmed.