## COLBURN *vs.* WOODWORTH.

Where a party enters into a contract to work for another for a term of years, at a specified sum per annum, payable quarterly, and is discharged by his employer before the end of the term, he has three remedies, either of which he may pursue at his election. 1. He may, the moment the contract is broken, bring a special action to recover the damages arising from the breach ; 2. He may treat the contract as rescinded, and immediately sue on the *quantum meruit,* for the work actually performed; or 3. He may wait until the termination of the period for which he was hired, and claim as damages the wages agreed to be paid, by the contract.

But a party cannot, under such circumstances, pursue all these remedies, in separate actions. An action upon one, and judgment upon it, will operate as a bar to any further action.

Thus, if a person, hired for three years, is discharged by his employer during the second quarter, and sues to recover for arrears of wages, and damages for the breach, and recovers a judgment for one quarter's wages, this will be a bar to a second suit, upon the same contract, for wages of the subsequent quarters of the first year and damages.

And this, notwithstanding the referee decided, in the former action, that the plaintiff could only recover one quarter's wages, and the court ordered judgment in accordance with such decision.

If a party submits his claim, to be passed upon, this will operate as a bar to a subsequent suit, even though the decision of the court thereon be erroneous ; provided the cause of action has then accrued.

The error, if any, must be corrected in that action, by review of the verdict or judgment; and not by a new action for the same cause.

ACTION brought to recover *wages*, under a contract to work for the plaintiff for three years, from August 1st, 1857, payable quarterly, and *damages* for a breach of the contract by the defendant, in discharging the plaintiff from his employment, on the 26th December, 1857, without cause. The defendant pleaded and proved that in January, 1858, after the plaintiff was discharged, he commenced an action in this court against the defendant, and in his complaint claimed one quarter's wages, and damages for the wrongful discharge on the 26th of December, set forth in the present complaint. That issue was joined and the cause referred, and the referee reported in favor of the plaintiff, for one quarter's wages, (less the value of his lost time and payments made to him,) and " that the second quarter of the contract not having expired when the suit was commenced, he is not entitled to recover for the payment of that in this action." The plaintiff had judgment on the report. The court, on the trial in this case, rejected evidence offered to show that the plaintiff had been ready to perform, and had been out of employment since his discharge, and granted a motion for a nonsuit, on the ground that the former action was a bar to the present claim. The plaintiff's counsel excepted, and the court ordered that the exceptions be heard at the general term.

*J. C. Cochrane*, for the plaintiff.

*H. R. Selden*, for the defendant.

*By the Court*, JOHNSON, J. The only question here presented is, whether the former action, brought by the plaintiff, to recover damages against the defendant for a breach of the same contract, is a bar to this action. The plaintiff, in the former action counted upon a breach of the contract by the defendant, in discharging him from further work and labor, under the contract, and refusing to allow him to work any longer under the same, and claimed damages by reason of such

Colburn v. Woodworth.

breach, and for loss of employment and inability to obtain other employment on terms as favorable as he had secured by the agreement.

The plaintiff in this action avers the same identical breach, and the right of action is predicated entirely upon it. It is true, that in addition to his other damages, he now claims for wages according to the contract, for the three quarters of the year ending on the 1st of August, 1858. But this is not for services rendered under the agreement, but the claim for compensation is founded upon the alleged offer and readiness of the plaintiff to work according to the agreement, and the defendant's refusal to allow him to do so. This, however, makes no difference in the nature of the action. It is still founded upon the breach of the contract by the defendant, and not upon its performance by the plaintiff. It is entirely clear that the two causes of action are identical, however the measure of damages claimed may be varied. On the former trial, the referee, as it appears, found as matter of fact that the defendant had wrongfully put an end to the contract as alleged in the complaint, without any fault on the part of the plaintiff, but held nevertheless, as matter of law, that the plaintiff was not entitled to damages, for such breach, but must wait until another payment became due by the terms of the agreement, before he could maintain an action for such cause. In this the referee was clearly mistaken. A party discharged under such circumstances has three remedies, either of which he may pursue at his election. First, he may bring a special action to recover the damages arising from such breach ; and this remedy he may pursue the moment the contract is broken. Secondly, he may treat the contract as rescinded, and immediately sue on the *quantum meruit*, for the work actually performed. Or, thirdly, he may wait until the termination of the period for which he was hired, and claim as damages the wages agreed to be paid by the contract. (*See* 2 *Smith's Lead. Cases, p.* 27, *notes to Cutter* v. *Powell.*) It is manifest, however, that a party under such circumstances could not pursue

all these remedies, in separate actions. An action upon one, and judgment upon it, would operate as a bar to any further action. This necessarily results from the doctrine that a party cannot split up a demand, and maintain several actions for the same cause. (*Fish* v. *Folley,* 6 *Hill,* 54. *Bendemagle* v. *Cocks,* 19 *Wend.* 207.)

It is claimed on the part of the plaintiff, that the referee in the former action, having decided that no action could be maintained, for the cause alleged, and judgment having been entered upon his report in accordance with such decision, it cannot operate as a bar to this action. But the rule is otherwise. If the party submits his claim to be passed upon, it will operate as a bar, if the decision is erroneous, the same as though it were not, if his cause of action has then accrued. The error must be corrected in 'that action, by review of the verdict or judgment, and not by a new action for the same cause. (*Brockway* v. *Kinney,* 2 *John.* 210. *Platner* v. *Best,* 11 *id.* 530. *Phillips* v. *Berick,* 16 *id.* 136. *Cowen & Hill's Notes,* 842, 3, 956, 7.)

There can be no doubt that the cause of action here alleged is in its nature indivisible. All the damages which the plaintiff could under any circumstances recover, were such as flowed directly and necessarily from the breach, which is the sole cause of action. The contract is not in the nature of a continuing covenant, like a covenant running with land. It is idle to suppose that when such a contract has been once put an end to, by one party, entirely, though without sufficient cause, and the other party has brought his action for the damages occasioned by such breach, and had the judgment of the court upon his claim, the contract still remains in force, so as to entitle such other party to the compensation provided for in case of its performance. When the action is brought to recover damages, for a breach of that character, it is necessarily an election, on the part of the party prosecuting it, to consider the contract at an end, so far at least as performance on his part is concerned. The action operates as a rescission by him as to

further performance. If the party thus situated brings his action before the entire measure of damages has been filled, or before the damages have all become known, so as to be susceptible of proof, it is his folly, or misfortune. He cannot sever them, and recover part in one action, and the residue, when discovered, in another. But the question as to what damages the plaintiff ought to recover as his compensation, does not arise here. That question necessarily arose in the other action, and should have been there determined. That action being a bar, the nonsuit was properly granted.

[Cayuga General Term, June 4, 1860. *Smith, Knox* and *Johnson,* Justices.]