MARY A. WETMORE, RESPONDENT, *v.* J. HAMILTON JAFFRAY, APPELLANT.

*Contract for board — breach of — when action may be brought for — measure of damages.*

Plaintiff and defendant entered into an agreement whereby the former was to furnish rooms and board for the defendant and his family for one year, from March 24, 1875. Defendant left the house on May 27, 1875, without sufficient reason therefor. Afterwards and before August twentieth plaintiff for a time had boarders in defendant's rooms. August twentieth plaintiff gave up the house. *Held*, that the plaintiff was entitled to bring an action for the breach of the contract without waiting for the expiration of the year, and that in such action she could only recover the damages suffered at the time of the commencement thereof.

The damages, in such an action, would be the profits that she would have made up to August twentieth, had the defendant performed the contract on his part, deducting the profits on the boarders put in defendant's rooms.

The contract provided that in case of the absence of the defendant and his family only half the price should be paid. *Held*, that this only applies in case he retained the rooms, and that he could not claim an allowance therefor after he had wholly abandoned the contract on his part.

APPEAL from a judgment of the City Court of Yonkers in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The judge found that on or about March 9, 1875, defendant agreed to board, with his family, with plaintiff, at plaintiff's house in the city of Yonkers, for one year from March 24, 1875, and agreed to pay plaintiff for said board the sum of eighty-five dollars per week, and in case of defendant and family's absence, one-half of that sum. That on said twenty-fourth of March, defendant and his family went to plaintiff's house under said agreement, and there remained and boarded under said agreement until the 27th day of May, 1875, when he left the same without any sufficient reason therefor. That on the 20th of August, 1875, plaintiff gave up the house where the apartments occupied by defendant from March 24 to May 27, 1875, were situated, which house was rented by her, and did not live there any longer. That it appears by the evidence that between the 27th day of May, 1875, and the 20th day of August, 1875, plaintiff rented some of the rooms which had been occupied by defendant prior to May 27, 1875, and received therefor the sum of $399. And decided that defendant was liable and indebted to plaintiff for damage, for his non-performance of contract, for the sum of eighty-five dollars per week from the 27th of May, 1875, to the 20th of August, 1875, making an aggregate of $1,020, from which must be deducted $399, making the amount so due the sum of $621, with interest from August 20, 1875.

*Isaac L. Miller*, for the appellant.

*Ralph E. Prime*, for the respondent.

BARNARD, P. J. :

I think the contract is admitted by the answer. The complaint avers that the plaintiff agreed to furnish board and rooms for the

defendant and his family, and the defendant agreed to pay therefor eighty-five dollars per week for the space of one year from March 24, 1875. The defendant admits that he did make an agreement with the plaintiff to board and lodge with her for a space of time equal to one year from the 24th March, 1875, to the 24th March, 1876, at the rate of eighty-five dollars per week. In a pleading we must assume an admitted agreement to be a legal agreement. It is too late, therefore, for defendant to question the sufficiency of the proof of the agreement. Under this agreement the defendant and his family were lodged and boarded at plaintiff's house by her from 24th March, 1875, until the 27th May, 1875. That defendant paid according to the contract while he remained. There was a question of fact as to justification of defendant in leaving plaintiff's house. The referee has found this issue in favor of plaintiff, and the evidence is so conflicting that the decision of the referee thereon must stand. There is, then, an agreement; it was broken on the twenty-seventh May by defendant without legal right. On the twentieth August plaintiff gave up the house in which she was to board and lodge defendant. Between the time defendant left and the twentieth August plaintiff had put boarders in the defendant's rooms and had received $476 on account thereof.

Under this state of facts the first legal question is, can the plaintiff sue before the end of the year? I think it clear she may. The contract was broken on twenty-seventh May. She has her action as soon as there is a breach. The contract is an entire one, and there can be but one action for the breach. (*Colburn* v. *Woodworth*, 31 Barb., 381.)

The plaintiff can recover no damages, except those suffered at the time of the commencement of the action. The plaintiff owed the duty to defendant to let the rooms to other lodgers and thus relieve the defendant.* (*Wilson* v. *Martin*, 1 Denio, 605; *Dillon* v. *Anderson*, 43 N. Y., 231.)

She put the duty out of her power on 20th August, 1875, so that her damages must have been suffered before that date. I think the defendant is not entitled to have one-half deduction made for his absence under the contract. That was permitted if he stayed

* See *Howard* v. *Daly*, 61 N. Y., 362. — [REP. .

and kept the rooms. In that case the plaintiff would have furnished no board. After the contract was rescinded plaintiff's duty was to relet the rooms, if possible. She did so.

I think the referee adopted an incorrect rule of damage. The utmost amount would be the profit the plaintiff would have made if the defendant had performed. If the defendant had stayed until August twentieth plaintiff would have received $1,020; for this she would have furnished rooms and board. She did neither, but furnished substantially the same rooms and board to others for which she received $476.

If the defendant had performed his contract the plaintiff would have been benefited $102.50, as plaintiff testifies, per month, which would be $282; from this is to be deducted the profit on the boarders the plaintiff put in defendant's rooms.

The case does not disclose what this is, if any thing. Neither does the case show that plaintiff suffered loss by them. I can assume neither profit or loss under the evidence and think, therefore, that the judgment should be reduced to $282, and affirmed for that sum without costs to either party upon appeal.

Present — Barnard, P. J., Pratt and Dykman, JJ.

Judgment modified in accordance with opinion of Justice Barnard.