[No. 3732.    Decided February 21, 1901.]

THOMAS HOWAY, *Respondent,* v. GOING-NORTHRUP COMPANY, *Appellant.*

CONTRACT OF EMPLOYMENT — ACTION FOR BREACH — DAMAGES.

Where an action for breach of a contract of employment was commenced during the term of employment contracted for, but not tried until after the expiration of such term of employment, the plaintiff is entitled to recover the same damages that he would have been entitled to had the action been commenced after the expiration of the term.

TRIAL — REFUSAL OF REQUESTED INSTRUCTIONS — HARMLESS ERROR.

The refusal of the court to give pertinent requested instructions is not error, when the court's instructions in its own language are substantially the same as those requested by appellant.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Byers & Byers,* for appellant.

*Herbert E. Snook,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action by a discharged employee against the employer. In August, 1898, the appellant hired the respondent for the term of one year, at a specified rate of wages. Respondent entered into the service of the appellant and was, on November 26th, discharged and paid in full up to the time of discharge. On November 28th, the respondent brought suit against the appellant, claiming damages for breach of contract, by reason of his wrongful discharge, in the sum of $722, which was the amount that would have been due him at the end of his term of employment, he having given credit for the amount paid him at the time of his discharge. The complaint is brief, alleging the contract of employment, which was in writing; the wrongful discharge and refusal of the appellant to allow the respondent to continue or remain in its employ; alleging faithful and efficient service on his part in every way in the performance by him of the contract; alleging that by reason of the wrongful discharge by appellant he has been damaged in the sum of $722; and praying judgment for that amount. A demurrer was interposed to the complaint and was overruled. Objection was raised to the admission of testimony under the complaint, for the reason that it did not state a cause of action, which objection was overruled. A default was prayed for at the close of the testimony, which was also denied. Judgment was rendered for $300. The judgment was based evidently on the salary contracted for, less the amount paid and less the salary for the time during which plaintiff had obtained other employment; he testifying that for a portion of the time

during the term for which he was employed by appellant he had obtained other employment.

It will be noticed that this suit was brought two days after the discharge of the respondent by the appellant, but it was not tried until the term of employment under the contract had expired. It is the contention of the appellant that the complaint does not state facts sufficient to constitute a cause of action, (1) because there is no sufficient allegation of damages for breach of contract, and (2) because it is not alleged, in terms, that the respondent ever offered to continue in the employment or offered to perform work for the appellant. Without setting forth in full the language of the complaint, we think it sufficiently appears that the respondent was prevented from performing his portion of the contract. Nor do we think, under the authorities as contended for by the appellant, that the recovery of the respondent should be limited to the damages accruing between the breach of the contract and the time of the commencement of the action, which in this case would be nominal, the time being only two days. There has been some conflict of authority on this proposition, and the 14 Am. & Eng. Enc. Law, p. 797, cited by appellant to sustain its contention, under the subject of "Remedies of Servant for Wrongful Discharge," is as follows:

"Where an employee for a fixed period, at a salary for the period, payable at intervals, is wrongfully discharged, he may pursue any one of four courses:

1. He may sue at once for a breach of contract, . . .

2. He may wait until the end of the contract period, and then sue for the breach.

3. He may treat the contract as existing and sue at each period of payment for the salary then due.

4. He may treat the contract as rescinded and sue

immediately on a *quantum meruit* for the services per-
formed. . . ."

But in the first instance it is said he can only recover
his damages up to the time of bringing suit. In support
of this proposition that the plaintiff can recover damages
only up to the time of bringing suit, the following cases
are cited: *Colburn v. Woodworth,* 31 Barb. 381; *Booge
v. Pacific Railroad,* 33 Mo. 212 (82 Am. Dec. 160); *Na-·
tions v. Cudd,* 22 Tex. 550; *Gordon v. Brewster,* 7 Wis.
355; and many others. But these cases do not sustain
the text. All that is held in *Colburn v. Woodworth,*
*supra,* is that these remedies are not cumulative, and that
an action upon one and judgment upon it will operate as
a bar to any further action; that the error, if any, should
be corrected in that action by review of the verdict or
judgment and not by a new action for the same cause.
The question of whether the plaintiff could recover dam-
ages only up to the time of bringing suit was not involved
or discussed. *Booge v. Pacific Railroad, supra,* involves
exactly the same proposition. In *Nations v. Cudd, supra,*
the rule laid down in *Meade v. Rutledge,* 11 Tex. 44, and
*Hassell v. Nutt,* 14 Tex. 260, that the discharged servant
could maintain his action for damages immediately upon
the breach of the contract by his employer, was sustained.
In *Gordon v. Brewster, supra,* it was decided that the
measure of damages was the rate of the salary from the
time of the breach up to the time of the trial, less the
amount plaintiff might have earned in the meantime, but
that the damages could be computed and recovered only
from the time of the breach up to the time of the trial.
In that case the court said:

"Had the respondent seen fit to wait before bringing
his action until the period had elapsed for the complete
performance of the agreement, the measure of compensa-

tion would then have been easily arrived at. We suppose he would then have been entitled to the entire amount of his salary, less what he would have reasonably earned during the time covered by the remainder of the contract in laboring elsewhere. But as the case now stands, we think he was only entitled to recover his salary on the contract down to the day of trial, deducting therefrom any wages which he might have received, or might have reasonably earned in the meantime. This rule appears to us to be the most equitable and safe of any that occurs to our minds, and the one most likely to effect substantial justice between the parties."

It will thus appear that exactly the contrary doctrine was held from that announced by the learned author of the Encyclopedia, above quoted. The same rule is adopted by Sutherland on Damages (2d ed.), § 692, in which the case of *Gordon v. Brewster, supra,* is reviewed and the rule announced indorsed. The case of *Everson v. Powers,* 42 Am. Rep. 319, is a case exactly parallel with the case at bar. Said the court:

"The only question presented upon this appeal relates to the rule of damages to be applied in an action for a breach of a contract of employment where the servant has entered upon the performance of a contract, has been discharged, and brings his action before the expiration of the term, but the trial does not occur until afterward."

After discussing the contention which the appellant makes in this case, the court says:

"The plaintiff's cause of action arose at the time of the breach of the contract, and he was then entitled to sue and recover such actual damages as the evidence upon the trial showed he had sustained by the defendant's breach. It is the breach and not the time of complaining of it which gives the damages;"

citing Lord Mansfield to the effect:

"It is agreeable to principles of common law that

whenever a duty has incurred pending the writ, for which
no satisfaction can be had by a new suit, such duty shall
be included in the judgment to be given on the action
already pending;"

citing, also, Sedgwick on Measure of Damages (1st ed.),
107, to the effect: .

"If the original tort or breach of contract is such that
the plaintiff would be entitled to nominal damages, then
he can go on to give evidence of those consequences of
the act which are immediately traceable to it, although
they have taken place after the commencement of the
suit."

And the following from the same author (p. 122,
6th ed.):

"If there is a breach of contract, the right to nominal
damages exists at once to vindicate the right, and suit
may be brought. If those consequences for which the
law renders the party in default responsible have devel-
oped themselves so as to create absolute injury before the
verdict, the jury are bound to give compensation for such
injury; but if at the time of the trial the loss is still only
probable, the verdict should be for nominal damages."

In concluding the opinion, the court in that case said:

"Where the cause of action is commenced during the
term but the trial occurs after the expiration of the term
of service, we can see no reason why the plaintiff may not
be permitted to recover the same damages that he would
have been entitled to recover had the action been com-
menced after the expiration of the term."

This, we think, voices the weight of authority on this
subject. It is insisted that the court erred in its first
and second instructions, and should have given the in-
struction asked for in lieu thereof by the appellant; but
we think the court's instructions were substantially as
asked for by the appellant, and the court was under no
obligation to incorporate the language of the appellant

into its instruction. The other instructions complained of are based upon the theory of the appellant that no damages could be recovered which had accrued after the commencement of the action, and this objection is disposed of by what we have said in relation to the sufficiency of the complaint.

No error appearing in the trial of the cause, the judgment is affirmed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.