BERTHA L. KELLEY V. ROYAL NEIGHBORS OF AMERICA,
Appellant.

Insurance: MUTUAL BENEFIT SOCIETIES: OFFICERS: APPOINTMENT:
1  TENURE.  Where the by-laws of a mutual benefit society provided
for the appointment of supreme instructors by the supreme officer
of the society, the appointments to be approved by a board of su-
preme managers, and that all officers and committees should be
elected for the term of three years, the appointment and approval
of supreme instructors in conformity therewith constituted such per-
sons officers, who were entitled to hold their offices for the term of
three years.

Same: CONTRACT OF EMPLOYMENT: BREACH: ACTION THEREFOR.
2  Where an insurance society refused to perform its contract of
employment with an officer and agent, to pay a stated salary per
month and expenses in advance, the agent was entitled to treat the
refusal as a breach of the contract and to sue therefor at once.

Same: DISCHARGE OF AGENT: EVIDENCE.  Where the plaintiff as the
3  agent of the defendant society accepted compensation for her serv-
ices for a time, as requested by the supreme officer, after the board
of managers had recommended her discharge, but prior to the expi-
ration of her term of office, the bill and voucher for such service
was admissible, in an action for salary for the balance of the term;
as bearing on the defense of acquiescence in the disapproval of
the board to her continuing the service for the term.

Same: COMPENSATION: EVIDENCE.  Where an agent of the society
4  was discharged from one position and given another, a witness
who had held the second position was competent to state the amount
that might be earned in such employment by the exercise of rea-
sonable diligence.

Same: RECOVERY OF COMPENSATION: TENDER OF SERVICES: EVIDENCE.
5  Where the evidence was such as to indicate that a tender of plain-
tiff's services for the balance of the term would have been unavail-
ing, the questions of whether it was necessary for plaintiff to have
tendered performance in order to recover, or whether she acquiesced
in her claimed discharge, were for the jury.

**Same:** Where the by-laws of an insurance society provided that the supreme officer and board of managers should determine the salary one employed as instructor should receive, evidence that at a meeting of the board at which the supreme officer was present and participated in a resolution was adopted that no person employed as instructor should receive any salary except such as local lodges might pay, was admissible in an action for breach of the contract of employment, based on refusal of the society to pay the salary.

**Same:** MEASURE OF DAMAGES. In an action by a servant to recover compensation for the balance of the term of employment, after an alleged improper discharge, the measure of damages is the difference between the amount she would have earned under the contract and the amount actually earned, or which might have been earned, in similar employment during that time.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

FRIDAY, JANUARY 17, 1913.

THE facts appear in the opinion. From judgment entered against it, defendant appeals.—*Reversed.*

*Geo. Wambach* and *E. A. Enright,* for appellant.

*J. A. Dyer,* for appellee.

LADD, J.—The defendant is a fraternal beneficiary society incorporated under the laws of Illinois, whose object is "to encourage and disseminate moral principles, to promote fraternal love, to comfort the sick in time of need, and to bestow substantial benefits upon the family, heirs, blood relations, affianced husband, affianced wife, or other person dependent on a member." Its chief officer is known as supreme oracle, and its corporate power is vested in a board of managers consisting of five beneficial members of the society. The executive council is composed of the five managers with the supreme oracle and the supreme recorder. Section 132 of the by-laws provides that: "Supreme instructors may be appointed by the

supreme oracle, approved by the board of supreme managers, whose duty it shall be, when deemed necessary by that officer, to visit camps requiring their services, the compensation for such services to be determined by the supreme oracle and the board of supreme managers." On August 10, 1908, the record of the board of managers showed that, "after a thorough discussion in regard to the appointment of supreme instructors, motion was made that the supreme oracle appoint two supreme instructors at the salary of seventy-five dollars ($75.00) per month and expenses, their work to be under the direction of the supreme oracle. Motion carried." "Motion made that supreme oracle be authorized to notify supreme instructors to be in attendance at the September meeting of the board. Carried." The supreme oracle designated plaintiff and another as supreme instructors, who were present at the next meeting as required, and their appointment approved by the board of managers. They were "allowed fifty dollars ($50.00) advance expense money," and, accepting the appointments, entered upon the discharge of the duties assigned them. At a later meeting of the board a "motion was made that supreme instructors be allowed seventy-five dollars ($75.00) per month advance expense money instead of fifty dollars ($50.00) as heretofore. Motion carried." The plaintiff entered upon the discharge of her duties as supreme instructor, but in August, 1909, the board of managers adopted the following: "Whereas, during the present term, there have been held schools of instruction for supervising deputies, and for district deputies, and there is no immediate necessity for further instruction, and whereas, after the year's employment of supreme instructors, we feel the results do not justify the further continuance of said instructors, therefore, be it resolved, that we, the board of supreme managers, do recommend to the supreme oracle that the services of the supreme instructors be dispensed with until the supreme camp expresses itself more definitely upon this question and assigns

more definite and certain duties to said office." Later in September of the same year it resolved further: "After one year's trial as agreed upon, it is by the board of supreme managers deemed inexpedient to re-employ the present supreme instructors, Bertha L. Kelley and Lizzie M. Platt, at the expense of the society, and in case the supreme oracle shall use any person or persons as supreme instructor or supreme instructors, the person or persons so used shall receive no compensation whatever except such as local camps may contract for and pay."

I.   It will be observed that in neither resolution did the board undertake to discharge plaintiff.   The first purported merely to advise the supreme oracle, and the last declared it inexpedient to re-employ her.   It plainly

1. INSURANCE:
   mutual benefit
   societies: offi-
   cers: appoint-
   ment: tenure.

appears from section 123 of the by-laws that she had been appointed for a term of three years, or at least until the first Tuesday of July, three years following the next meeting of the supreme camp.   That section reads: "All the officers and committees of the supreme camp shall be elected or appointed for the triennial term next ensuing, commencing on the first Tuesday in July next following the regular triennial meeting of the supreme camp, and shall serve until their successors are elected or appointed and duly qualified."   Section 130 of the by-laws seems to relate to the appointment of officers, "not herein provided for"—that is, in the by-laws.   It is said she was not an officer of the supreme camp, but the name indicates otherwise, as do the duties exacted, and there is nothing in the record to the contrary.   There is no escape from the conclusion that her appointment was for the term designated in this by-law, and this seems to have been the view of the supreme oracle, whose decisions when not appealed from were binding on the order.

II.   The plaintiff was paid for her services until October 1, 1909, but not since, and in this action she seeks to recover

the salary from that time during the remainder of her term, less $233.30 she has earned. Appellant con-

**2. SAME: contract of employment; breach: action therefor.**

tends that, inasmuch as her term of office had not expired, the action is premature. According to the resolution, she was entitled to compensation monthly, and expenses in advance. The defendant utterly refused to perform these obligations, and, as a consequence, plaintiff might treat such refusal as a breach and sue at once. *Crabtree v. Messersmith*, 19 Iowa, 179; *Holloway v. Griffith*, 32 Iowa, 409; *Howay v. Going-Northrup Co.*, 24 Wash. 88 (64 Pac. 135, 6 L. R. A. (N. S.) 49, 85 Am. St. Rep. 942); Note to *McMullan v. Dickinson Co.*, 51 Am. St. Rep. 511, 26 Cyc. 998.

III. After the adoption of the resolution first quoted, the supreme oracle telegraphed the chairman of the board of managers to allow plaintiff to continue her services as supreme

**3. SAME: discharge of agent: evidence.**

instructor two weeks longer. This was done, and at the end of that time the chairman made out a bill for her services "as per contract" and sent it with a voucher as compensation to plaintiff, who returned a receipt therefor. This bill was excluded on the theory that, as plaintiff did not indorse the bill, she was not bound by any inferences to be drawn from having received the voucher in connection therewith and receipting without comment or objection. The ruling was erroneous. The evidence was admissible as bearing on the defense of acquiescence in the disapproval of the board of managers of her continuing as supreme instructor, and the abandonment of that office.

IV. Mrs. Bentley, after having testified that she was supervising deputy, and had previously been such for three years, and knew from experience in office what was the com-

**4. SAME: compensation: evidence.**

pensation of a district deputy in Iowa, was asked. "Who held that office before Mrs. Kelley took charge?" This was objected to as incompetent, irrelevant, and immaterial, and the objection sus-

tained. ''Q. What could Mrs. Kelley have earned in that office as deputy supreme oracle or district deputy had she devoted her time and attention to that office in that district? A. $75 a month, I believe, and expenses.'' The plaintiff objected to the question and moved to strike out the answer. The motion was sustained. This was error. The competency of the witness appeared, and the evidence was admissible as tending to show how much plaintiff could have earned in the exercise of reasonable diligence.

V. The defendant pleaded that plaintiff acquiesced in the action of the board of managers and abandoned the office of supreme instructor. The evidence disclosed that she wrote the supreme oracle, under whose direction it

5. SAME: recovery of compensation: tender of services: evidence.

was her official duty to ''visit camps requiring her services,'' and was advised by that officer to await developments. This seems to have been the only time the matter of her services as supreme instructor was mentioned between them, and on September 7, 1909, the supreme oracle commissioned her as district deputy, and she earned the amount mentioned in performing the duties of that offce. The supreme oracle requested the board of managers to reconsider their action October 15, 1909, and this matter was taken under advisement; and four days later she recommended that the salaries which would otherwise go to the supreme instructors be expended in paying the traveling expenses of the several supervising deputies in different states on trips to which they might be assigned by the supreme oracle ''for the purpose of giving instruction to the local camps and local camp officers and deputies in the secret work of the order, and in promoting generally the growth and best interest of the society.'' The board of managers declined on several grounds, among which was the suggestion ''that the deputies are employed to build up the society, and not to promote the political interest of any supreme officer''—indicating that the situation was not being ignored by an alert rival for supreme honors. Moreover, the evidence disclosed

that plaintiff was absent from the state in the spring of 1911. The facts recited indicate that any tender of performance on plaintiff's part likely would have proven unavailing, and therefore the jury might have found such tender unnecessary. So, too, the circumstances that nothing further occurred between plaintiff and the supreme oracle in reference to the rendition of services as supreme instructor, that she was commissioned to another office which she accepted unconditionally, and that during the unexpired term she passed part of the time resting in Wisconsin, tended to establish the defense that she had abandoned the office, and therefore this issue should have been submitted to the jury.

VI. It will be observed that, under section 132 of the by-laws, "the compensation for the services of the supreme instructors was to be determined by the supreme oracle and the board of supreme managers. "The record 6. SAME: of the board of supreme managers, at which it was resolved that, "in case the supreme oracle shall use any person or persons as supreme instructor or instructors, the person or persons so used shall receive no compensation whatever except as local camps may contract or pay," does not disclose whether the supreme oracle participated in the preliminary discussion or voted on this resolution. A member of the board of managers, after testifying that the supreme oracle was present at that meeting and that the above was the only record thereof, was asked: "At the time of the adoption of this resolution, on page 90, which is shown you, I will ask you if, in the discussion of the resolution, Mrs. Collins took any part? (Objected to as incompetent, irrelevant, immaterial, and it not being shown that Mrs. Kelley was present, and it being shown that Mrs. Collins was not a member of this board. Sustained, and defendant excepts.) Q. I will ask you whether Mrs. Collins voted on the resolution or not? (Objected to as incompetent, irrelevant and immaterial). Court: I suppose if the resolution was adopted, it was carried, I do not care who voted on it.

(Sustained, and defendant excepts.) Defendant's Counsel: I offer to prove by this witness that the adoption of this resolution, No. 1, on page 90 of Exhibit B, Mrs. Collins, the supreme oracle of the defendant, was present and discussed the resolution and voted, and did not vote in the negative. Court: I do not care anything about the discussions leading up to the resolution. If the resolution is proper to go to the jury, it is the climax; it goes or it don't go; I do not care what the discussion was previous to its adoption.'' Had defendant been able to make the showing proffered, it would have ended the case. The very by-laws creating the office of supreme instructor declared that compensation should be determined by the supreme oracle and board of managers. Plaintiff accepted the position with this understanding, and subject to their authority by concurrence therein to change compensation to be paid at such time or times as they might deem expedient for the good of the order. The rulings were erroneous.

VII. The plaintiff actually earned $233.30 above expenses allowed after her appointment as district deputy. The court denied defendant the right to inquire into her expense account on the ground that her expenses had 7. SAME: measure of damage been audited and settled each month. There was no evidence of any settlement, and the ruling was erroneous. If she had paid in excess of her actual expenses, this excess should have been added to the amount of her earnings.

Again there was no testimony as to the time she devoted to the duties of the office of district deputy, save the dates of reports sent to her superior in office, and these tended to show that all of her time was not so occupied. Also it appeared that she had passed some time in Wisconsin, during which she gave up her duties. Evidence of what she could have earned had she devoted her whole time and attention to the office was excluded. It should have been admitted, and the salary, if any recovered, diminished by such sum as she

actually earned, or could have earned, as deputy or other work similar to that of supreme instructor, if this were more, by reasonable diligence during the unexpired term. *Worthington v. Oak Park Imp. Co.,* 100 Iowa, 39; *Markham v. Markham,* 110 N. C. 356 (14 S. E. 963); *Emery v. Steckel,* 126 Pa. 171 (17 Atl. 601, 12 Am. St. Rep. 857).

Though the action was begun before, it was tried after, the expiration of her term, so that, if she did not abandon the office *prima facie,* she was entitled to the salary as fixed by the supreme oracle and board of managers during the unexpired term, subject to diminution in an amount equal to what she actually earned, or could have earned if this were more in an employment of similar character. *Everson v. Powers,* 89 N. Y. 527 (42 Am. Rep. 319); *Howay v. Going-Northrup Co.,* 24 Wash. 88 (64 Pac. 135, 6 L. R. A. [N. S.] 49, 85 Am. St. Rep. 943); *Wilkinson v. Black,* 80 Ala. 329. See note to *Decamp v. Hewitt,* 43 Am. Dec. 204; 20 Am. & Eng. Ency. of Law (2d Ed.) 38; 26 Cyc. 1012.

Because of the errors pointed out, the judgment is *Reversed.*