DANIEL WEEKSMAN, Appellant, v. JAMES A. POWELL, Appellee.

**APPEAL AND ERROR:** Decisions Reviewable—Motion for More
1  Specific Statement.   A ruling on a motion for more specific statement, which could in no manner affect the result of the litigation, is not appealable.   (Sec. 4101, Code, 1897.)

**APPEAL AND ERROR:** Decisions Appealable—Motion to Strike.
2  A ruling on a motion to strike, when the order has the effect of eliminating from the petition matter which, if proven, would establish plaintiff's right to recover, and without which he could not recover at all, or all that he is entitled to recover, is appealable.

**PLEADING:** Motions—Motion to   Strike—Evidentiary   Matters.
3  Matters purely evidentiary should, on motion, be stricken from a pleading.   So held where, in an action for damages for wrongful discharge of a servant, plaintiff pleaded *specific acts* on the part of defendant.

MASTER AND SERVANT: The Relation—Wrongful Discharge—
4  Rights of Servants. Rights of a servant wrongfully discharged reviewed.

MASTER AND SERVANT: The Relation—Wrongful Discharge—
5  Measure of Damages. A husband who, in his own name, contracts to furnish the services of himself and wife (but not as an independent matter of employment for her), for an agreed consideration plus the board of the wife during the employment, and suffers a wrongful discharge, may alone recover damages for the breach of the contract. It follows that he may recover the damages suffered by him in being unable to secure employment for himself and wife *which included the value of the board of the wife.*

MASTER AND SERVANT: The Relation—Wrongful Discharge—
6  Measure of Damages—Society of Wife. A servant wrongfully discharged from a service which included the services of the wife, and enabled the husband and wife to be together and enjoy each other's society, may not, by reason of such discharge, recover damages for the loss of the wife's society while he was seeking other employment.

*Appeal from Greene District Court.*—E. G. ALBERT, Judge.

SATURDAY, DECEMBER 16, 1916.

APPEAL from rulings on motions to strike, and for more specific statement, addressed to a petition filed by plaintiff against defendant, to recover compensation for personal services to be rendered by plaintiff and his wife, and for damages for a wrongful discharge of plaintiff under a contract for services for one year.

*J. F. Gallup,* for appellant.

*E. B. Wilson,* for appellee.

DEEMER, J.—I. The abstract is prepared in such a way that it is difficult to ascertain just what allegations were stricken from the petition, and to what extent the motion for more specific statement was sustained. As to the latter, but a single ground seems to have been sustained, and this related to the terms of the contract as claimed by plaintiff; and,

1. APPEAL AND ERROR: decisions reviewable: motion for more specific statement.

as this ruling could in no manner affect the result, it is not appealable and demands no further consideration. *Quinn v. Capital Ins. Co.,* 82 Iowa 550.

An appeal may, however, be taken from a ruling on a motion to strike, where the order has the effect of eliminating from the petition matter which, if proved, would establish plaintiff's right to recover, and without which he could not recover at all, or all that he is entitled to. *Stanley v. City of Davenport,* 54 Iowa 463; *Seiffert v. Hartwell,* 94 Iowa 576.

2. APPEAL AND ERROR: decisions appealable: motion to strike.

II.    It seems that plaintiff made many efforts to state his cause of action, and finally stood upon what was called "second substituted petition," in which he alleged:

"That on or about the 12th day of December, 1914, the plaintiff then being in the employ of defendant as a farm hand, boarding and residing in defendant's family, it was orally agreed between plaintiff and defendant, that plaintiff should so remain in the employ of defendant for the period of one year and go to Terre Haute, Indiana, and have his wife accompany him from thence and join with the plaintiff in the service of defendant by assisting the wife of defendant in the household duties of defendant's family, and for which said obtaining and services the defendant was to board plaintiff and wife in company together and pay plaintiff the sum of $300. In said contract it was specially understood and agreed between plaintiff and defendant that plaintiff and his wife should have their board together in defendant's family and enjoy the company and society of each other in the home of defendant. That in conformity to said contract the plaintiff in good faith went to Terre Haute, Indiana, and had his wife to accompany him back to the farm of defendant, at an actual expense to plaintiff of $40, and plaintiff *and his said wife* labored and served the defendant under said contract and in conformity thereto until the 16th day of March, 1915, and would have so labored and served the defendant

until the end of the period contracted for, except for the things hereinafter mentioned as violations of duty and contract upon the part of defendant. *That on or about March 1st, 1915, the defendant and his wife in violation of their duty. to plaintiff and his wife became abusive of plaintiff and wife while so engaged in their service and threat-: ened to put plaintiff and wife out of their house, and defendant's wife would mock the wife of plaintiff in plaintiff's presence,* and on or about the said 16th day of March, 1915, the defendant, in violation of his said contract with plaintiff, wrongfully discharged the plaintiff without paying plaintiff for the services plaintiff and his wife had rendered under said contract, and which amounted to the sum of $79. . That plaintiff was unable to obtain other employment wherein he could have the daily company and society of his wife or where she could be boarded in company with him; but on or about the ........ day of ..............., 1915, the plaintiff obtained employment alone and separate from his said wife, wherein he could diminish his damages. That plaintiff was damaged by the violation of contract and duty on the part of defendant and such wrongful discharge as follows: In not being paid for services rendered prior to said discharge, in the sum of $79; in loss of time and board looking for other employment, $15; in expense in going to Terre Haute, Indiana, and bringing his wife to the home of defendant, in the sum of $40; *in loss of board for his wife wherein he could enjoy the daily company and society of his wife, in the sum of $132.* · That the wages earned in said employment and said damages sustained by defendant's violation of contract and duty is plaintiff's property, and is due and unpaid. Wherefore, the plaintiff demands judgment against the defendant in the sum of $266 with costs."

The underscored lines are the parts stricken from the petition on defendant's motion, and the sole questions are: (1) Were these matters correctly stricken from the petition;

and if not, (2) do they substantially affect plaintiff's right to recover? It is manifest, we think, that plaintiff has little, if any, complaint to make of these rulings. As we understand the claim, it is that plaintiff entered into a contract, whereby both he and his wife were to enter the defendant's employment, for the term of one year, for an agreed compensation; that they entered upon this employment in conformity with the terms of the contract; and that, before the termination thereof, defendant wrongfully discharged plaintiff, without paying the compensation then due, amounting to the sum of $79; and that plaintiff was also damaged by reason of the wrongful discharge in the sum of $15, due to loss of time and board in seeking other employment, and in the further sum of $40, expenses incurred in bringing his wife from Indiana to Iowa.

The matters stricken related to services rendered by the wife and failure to pay plaintiff therefor, and the loss of board for his wife, whereby he could enjoy her company and society. The other matter stricken is simply a reiteration of evidentiary facts regarding the conduct of defendant and his wife toward the plaintiff and his wife, which clearly had no place in a petition based upon a wrongful discharge. The wrongful discharge was specifically alleged as an ultimate fact, and this seems to be relied upon as the gravamen of the charge. There was clearly no error in striking out this evidentiary matter. The petition is somewhat blind in its allegations regarding the nature of the action; but we are satisfied that it asks for nothing more than compensation for services already performed by plaintiff under the contract, which included the services of plaintiff's wife, and specific damages for breach of the contract.

Compensation for the entire term is not asked, but simply damages which accrued to plaintiff by reason of his wrongful discharge. A servant wrongfully discharged may have

3. PLEADING: motions: motion to strike: evidentiary matters.

compensation for services already rendered, with damages for his discharge, or he may regard the contract as subsisting, and sue for his compensation under the contract, down until the expiration of his term of employment; and, in the latter case, he may recover before the expiration of the term, if the compensation, or part of it, is to be paid during the term, or wait until the expiration of the term, and sue for the full amount. But in the event he seeks to recover compensation under the contract, and not for its breach, he must exercise due diligence in finding like employment. If he finds such employment, then he can only recover the difference between what he was to receive under the contract and what he actually earned, or should have earned, in the exercise of diligence to find other employment. Of course, he can, if wrongfully discharged, always recover for services actually performed; and whatever else he may be entitled to depends upon the nature of his action. If he brings his action on the theory of constructive service, his recovery is measured by one standard, and if for damages for breach of the contract, by another, although analogous, rule. *Kelley v. Royal Neighbors*, 158 Iowa 547; *Worthington v. Oak & H. P. Imp. Co.*, 100 Iowa 39.

*4. MASTER AND SERVANT: the relation: wrongful discharge: rights of servants.*

This action was commenced before the expiration of the term, and is for compensation earned and damages for breach of the contract. There is no attempt to recover the agreed compensation, but simply for what plaintiff lost by reason of the breach of the contract. The items are mentioned in the petition from which we have quoted, and include the item of loss of board for his wife for some indefinite period, perhaps from the time of the breach down to the bringing of the suit. The other items were not stricken from the petition, so that we have no occasion to consider them. The only question left in the case is whether or not, under the allegations of the petition, plaintiff was entitled to recover this

*5. MASTER AND SERVANT: the relation: wrongful discharge: measure of damages.*

item of loss of board for his wife during the time covered by the petition, it being assumed that plaintiff had to pay therefor, and was not able to find any employment which would include this item. Plaintiff alleges a contract which included both the services of himself and wife, and board for the wife during the term thereof, for an agreed compensation to be paid the plaintiff. It is also alleged that the two entered upon this employment and continued until their wrongful discharge; and it is claimed that, while plaintiff did find work for himself, at an expense of time and money, he was unable to find employment for his wife similar to that promised by the contract, and that he lost the board of his wife on account thereof. Does this state a cause of action, or rather, is this loss an element of damages which may be recovered?

The pleading is peculiar, and not scientifically drafted, but we think we have given the fair import thereof. By the terms of the agreement, plaintiff was to furnish the services of his wife, as well as himself, to the defend-

6. Master and Servant: the relation: wrongful discharge: measure of damages: society of wife.

ant, for an agreed compensation to be paid plaintiff, and to no one else. Defendant did not undertake to pay the wife anything, and she could not have recovered under the contract. But plaintiff undertook to secure her services, and did so, not as an independent matter of employment for her, but to secure a home for himself and wife. He, and he alone, may sue for a breach of that contract; for, as we have said, it was not an independent employment of the wife, in a matter of business regarding which she might have contracted. Even if she might sue as one for whose benefit a contract was made, her husband, in this case, made the contract in his own name, for the benefit of both, and, as a trustee for the wife, or the party in whose name the contract was made for the benefit of another, he could sue for breach thereof. Of course, he could not recover compensation for the loss of the society and services of the wife, during the time they were

compelled to work or live apart from each other, and, doubtless, could not recover the amount expended for her board; but, upon proper proof, he might recover the difference between what he, in fact, received, and what the contract itself provided, measured by proper monetary standards. This is pointed out in *Dickinson v. Talmage,* 138 Mass. 249; *Benziger v. Miller,* 50 Ala. 206; *Lyle v. Gray,* 47 Iowa 153; *Broughton v. Nicholson,* 150 Iowa 119. While the allegations of the petition are not clear, we are disposed to think the trial court was in error in striking out the allegations as to the loss suffered in being unable to secure employment for himself and wife which would include the value of the board of the wife. The parties seem to argue the case on this theory, and we so treat it.

It follows that the ruling on the motion as to this matter must be, and it is, reversed, and the case is remanded for an order in harmony with this opinion.—*Reversed* and *Remanded.*

Evans, C. J., Weaver and Preston, JJ., concur.