**L. R. JACKSON et al., Appellants,**

v.

**WHEATLEY SCHOOL DISTRICT NO. 28 OF ST. FRANCIS COUNTY, ARKANSAS, et al., Appellees.**

No. 19952.

United States Court of Appeals, Eighth Circuit.

Aug. 11, 1970.

Conrad K. Harper, New York City, for appellants; Jack Greenberg, James M. Nabrit, III, and Norman C. Amaker, New York City, and John W. Walker, Little Rock, Ark., and George Howard, Jr., Pine Bluff, Ark., on the briefs.

E. J. Butler, Butler & Hicky, Forrest City, Ark., for appellees.

Before VAN OOSTERHOUT, ME-HAFFY and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by plaintiffs from final judgment dismissing their complaint against the defendants Wheatley School District No. 28, Superintendent Kennedy, and the individual members of the School Board. Plaintiffs L. R. Jackson, Mrs. Mittie Jackson, Mrs. Malissa A. Meeks and Marvin E. Coleman were Negro teachers in the all-Negro Wheatley school (Central) operated by the defendant school district during 1967 and 1968 and prior years.

Each plaintiff was notified that his contract of employment would not be renewed for the 1968–69 school year. Plaintiffs were not reemployed. Plaintiffs in the complaint filed September 12, 1968, asserted that their denial of continued employment was based solely on race and color of the plaintiffs in violation of their federal statutory and constitutional rights. Jurisdiction is established under the old civil rights statute 42 U.S.C.A. §§ 1981 and 1983 and under 28 U.S.C.A. § 1343(3) and (4). See Smith v. Board of Education of Morrilton School District No. 32, 8 Cir., 365 F.2d 770, 773.

Plaintiffs originally sought injunctive relief and alternatively damages. At the trial of the case or March 13 and 14, 1969, the parties agreed that the question of obtaining contracts for 1968–69 was moot. Plaintiffs persisted in their claim for damages. The court entered an order dismissing the complaint on July 1, 1969. Although a timely appeal was taken, plaintiffs did not file their brief and appendix until February 18, 1970. The record shows that all plaintiffs ultimately obtained employment for 1968–69 but for the most part had a smaller salary than they would have received from the defendants had they been reemployed. Nothing is shown with respect to mitigating employment subsequent to the March 1969 hearing.

The Wheatley School District serves some 425 students of whom 60% are black and 40% are white. The district for the year commencing September 1965 adopted a freedom-of-choice plan to comply with HEW requirements. In 1967–68, the freedom-of-choice plan was extended to all twelve grades. During that year Central continued as an all-Negro school serving some 90 students in the first five grades. The teachers em-

ployed at Central consisted of the four plaintiffs and Mrs. Cannon, a Negro teacher. Mrs. Cannon was retained as a teacher and transferred to the integrated school.

Under the HEW approved plan, the Board was authorized to operate Central on a freedom-of-choice basis for 1968–69. The report on the freedom-of-choice selections made on April 1, 1968, showed that 60 of the 90 all-Negro Central students had elected to attend the integrated formerly all-white school. The Board in its meeting on April 2, 1968 determined it was economically not feasible to continue the Central School. The Board acted to close Central at the close of the 1967–68 school year and to transfer all students to the integrated school. The propriety of such action is not questioned.

The Board at its meeting on March 11, 1968, passed a motion to release at the end of the school year four teachers including the plaintiffs, Mr. and Mrs. Jackson and Malissa Meeks and one white teacher in the integrated school, James Cooper. No reasons were set out in the motion for denying plaintiffs reemployment. There is some uncertainty in the record as to when plaintiffs were notified of the Board's action. They did receive notice thereof sometime prior to April 29 as they accepted an invitation to appear before the Board on that date. The minutes of said meeting read:

"The meeting was called to order by the president. The minutes of the previous meeting were read and approved. The board met with four teachers who had been released from Wheatley Central School. The board discussed county clerk's commission. Motion made and seconded to accept Mr. Kennedy's recommendation on the remaining teachers that were to be hired. Motion carried unanimously."

On May 28, 1968, plaintiffs each received the notice required by Arkansas law that they would not be reemployed. There is evidence that plaintiffs were told at the Board meeting on April 29 that they were not reemployed because the teachers serving the former all-white school could handle all necessary assignments and their positions no longer existed by reason of the closing of Central. It is undisputed that a lesser number of teachers is required to operate the completely integrated school. There is evidence on the part of the Board members and Superintendent Kennedy that plaintiffs were told that if any more teachers were hired they would be considered.

During 1967–68, the district employed 23 teachers—5 Negroes at Central and 4 Negroes and 14 whites at the integrated school. In 1968–69, the teacher requirement for the entire integrated system was reduced to 18 teachers. Three of the teachers employed were Negro. The remaining 15 were white.

Mrs. Haley, a Negro teacher who had been retained as a grade teacher, resigned in August 1968. She was replaced by a white teacher. Two other new teachers who were employed taught in grades plaintiffs were qualified to teach.

The situation with respect to plaintiff Coleman's release is based on separate and distinct grounds. Coleman was teaching on an emergency certificate which expired August 31, 1968. Doubt existed whether he could be certified as qualified to teach for the 1968–69 school year unless he took additional school work and obtained additional hours of credit. The Board's minutes reflect that Coleman was denied reemployment because he did not possess a proper certificate for 1968–69.

The issue presented by this appeal is whether the trial court erred in failing to find that the discharge of the plaintiffs was racially motivated. The guideposts in this type of case were well-stated by Mr. Justice Blackmun while a member of this court in Smith v. Board of Education of Morrilton School District No. 32, 8 Cir., 365 F.2d 770, 780. There we said:

"[W]e feel that the Board's consolidation policy may not be applied where,

as here, a school is closed as the direct consequence of an effort to rectify constitutional defects in the method by which pupils and teachers have previously been assigned, where the effect is to impose, without some concern for qualifications to teach, the heavy burden of unemployment solely upon those whose constitutional rights were violated, and where an additional result may be to impede meaningful realization of the constitutional rights of others, that is, the pupils. Rogers v. Paul, supra, p. 200 of 382 U.S. [198], 86 S.Ct. 358, 15 L.Ed.2d 265. Under circumstances such as these, the application of the policy (although that policy is nondiscriminatory on its face and is based upon otherwise rational considerations) becomes impermissible."

We also held that nondiscriminatory standards should be applied in considering reemployment of teachers released because not needed for vacancies which arise in the system.

The trial court as a basis for dismissal in a letter memorandum states:

"The Court concludes that this situation comes within the *Walton* decision, [Walton v. Nashville, Ark. Special School Dist. No. 1] 401 F.2d 137, 1968. The Court said in that case, 'Those who are employment victims of the constitutionally required process should not immediately jump to the conclusion that their predicament is necessarily the result of racial considerations. They have every right to demand and to be shown that race is not the criterion by which employment is granted or denied. They must, however, face the fact that integration tends to do away with expensive and unnecessary duplication for districts already too short of funds and that often some persons will be terminated.'

"Such is the case here regardless of the questions as to qualifications of one or more of the plaintiffs. The testimony is clear that with the adjustment there was no vacancy for elementary teachers in the new school system effectuated by this school district for the school year of 1968–69. * * *"

The *Walton* opinion relied upon by the trial court was also written by Mr. Justice Blackmun. The opinion in that case points out that White was properly denied reemployment by reason of his failure to provide the board with requested pertinent information.

With respect to other teachers, the opinion shows that the record supports a finding that the teachers retained to teach a particular subject had been shown to have qualifications superior to those of the teachers denied reemployment. The opinion further points out that each case of this kind must be determined upon its own peculiar facts and that the holding is not a retreat from the position taken in *Smith* and other cited cases.

We shall first consider the appeals of Mr. and Mrs. Jackson and Mrs. Meeks. The only mention of their qualifications in the court's findings reads:

"It is quite apparent that Mrs. Jackson met the qualifications as a teacher but there was substantial question as to her conduct in the community to become employed as a teacher in the integrated school of the Wheatley School system. There is substantial question as to the qualifications of both L. R. Jackson and Malissa A. Meeks. L. R. Jackson and Mrs. Jackson are husband and wife, and Malissa Meeks is the sister of L. R. Jackson. It appears there is no question but what the record of Mr. Jackson, Mrs. Meeks and Mr. Coleman was primarily responsible for the low rating being maintained for the Wheatley Central Elementary School."

While the court does state that there is a question as to plaintiffs' qualifications, no finding of lack of qualification is made. There is no evidentiary basis for the statement that the plaintiffs are primarily responsible for the low rating of Central. The court makes

no finding that plaintiffs' qualifications are inferior to those of teachers retained or subsequently employed to fill vacancies. No evidentiary basis exists in the record for a comparison of teacher qualifications. Plaintiffs were not advised of any reason for their release other than that their positions no longer existed by reason of the closing of Central and that there were no vacancies in the integrated school system.

Defendants offered some vague and inconclusive evidence to the effect that the school officials had over the years received some complaints about plaintiffs' failure to pay their bills. The evidence offered reflects that such condition had existed for a number of years and that nothing had previously been done about terminating employment by reason thereof. The Board's minutes show that Jackson was called before the Board in 1960 and in 1964 to answer some complaints and that he made explanations which satisfied the Board. The 1964 minutes show: "Mr. Jackson cleared this matter to the satisfaction of the board and the matter was dropped." The contracts were renewed for succeeding years up to the 1968–69 school year.

■ Each of these plaintiffs had valid certificates to teach and served in such capacity in Central for eleven years. It would appear that if the complaints were not such as to require action against the plaintiffs while they were serving in the Negro school, the complaints would not constitute a valid basis for refusal of employment in the integrated school. Moreover, plaintiffs were not advised that their credit problems were a factor in their release and they were given no opportunity to meet such charge.

The record discloses no attempt to compare plaintiffs' teaching ability and qualifications with those of the teachers retained in the white school and the subsequent replacements. Neither the Board members, the superintendent nor any representative made any visits to Central and the Board lacked any reliable information with respect to plaintiffs' teaching abilities. In this respect, this case is clearly distinguishable from the record in cases such as *Walton* and Brooks v. School District of City of Moberly, Missouri, 8 Cir., 267 F.2d 733.

■ The issue of the integration of the faculty is not before us in this case. However, the undisputed evidence that Negro representation on the faculty was decreased in the school system in the 1968–69 school year and the evidence that the ratio of Negroes on the faculty to whites does not remotely approach the proportion of Negro students to white students is substantial evidence supporting racial discrimination.

Jackson testified that Superintendent Richardson, when asked why Jackson had not been reemployed, responded, "Jackson, the main reason is we are entering integration and this board does not want you to teach their children." Such testimony has not been contradicted. Several board members as witnesses testified in substance to the same effect.

Moreover, the evidence is undisputed that the three Negro teachers in the integrated school taught Negro students exclusively except for one backward white student in some of their classes.

On the record before us, the evidence in support of racial discrimination is at least as strong as that in Smith. In that case, we vacated the judgment and remanded for further proceedings consistent with the views expressed in our opinion. We follow the same course here with respect to the Jacksons and Mrs. Meeks.

■ Upon the record, we are not in a position to determine the damage award. There is no evidence on mitigating employment available to plaintiffs subsequent to the 1968–69 school year. There is likewise no basis for determining whether any of the plaintiffs have been offered an opportunity to fill a vacancy in a position that they were qualified to teach. It is for the trial court to determine the appropriate remedy. We believe our discussion of the appropriate

remedy in *Smith* should provide a helpful guideline for the further proceedings in this case.

██ Our prior discussion does not cover the claim of plaintiff Coleman. The situation with respect to Coleman is entirely different than that of the remaining plaintiffs. The undisputed evidence discloses Coleman was teaching on an emergency certificate which expired on August 31, 1968. The Board had no assurance that Coleman would be able to obtain a certificate for the 1968–69 school year. The Board in its minutes stated that the lack of the proper certificate was the reason for denying Coleman reemployment. The trial court properly determined that such is a valid and nondiscriminatory basis for the action taken. The dismissal of the petition as to Coleman is affirmed.

The judgment is affirmed as to plaintiff Coleman. As to the plaintiffs L. R. Jackson, Mittie Jackson and Malissa Meeks, the judgment is vacated and the case is remanded to the trial court for futher proceedings in conformity with the views expressed in this opinion.