**L. R. JACKSON et al., Appellants,**

v.

**WHEATLEY SCHOOL DISTRICT NO. 28 OF ST. FRANCIS COUNTY, ARKANSAS, et al., Appellees.**

No. 71–1686.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1972.

Decided July 17, 1972.

John W. Walker, Little Rock, Ark., for appellants.

E. J. Butler, Forrest City, Ark., for appellees.

Before MATTHES, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

In Jackson v. Wheatley Sch. Dist. No. 28 of St. Francis Co., Ark., 430 F.2d 1359 (8th Cir. 1970), we held that the Wheatley School Board had unlawfully discharged three black teachers, Malissa Meeks, L. R. Jackson and his wife, Mittie Jackson. We remanded the matter to the District Court stating:

"Upon the record, we are not in a position to determine the damage award. There is no evidence on mitigating employment available to plaintiffs subsequent to the 1968–69 school year. There is likewise no basis for determining whether any of the plaintiffs have been offered an opportunity to fill a vacancy in a position that they were qualified to teach. It is for the trial court to determine the appropriate remedy. We believe our discussion of the appropriate remedy in *Smith* [v. Board of Education of Morrilton Sch. Dist. No. 32, 365 F.2d 770 (8th Cir. 1966)] should provide a

helpful guideline for the further proceedings in this case."
*Id.* at 1363.

The District Court conducted a hearing and awarded damages to each teacher for (1) expenses incurred in seeking other employment, and (2) loss of earnings between the date of discharge and August 11, 1970, the date of this Court's first opinion.

On appeal, the teachers contend that the trial court erred:

(1) By refusing to order Wheatley to reinstate the discharged teachers.

(2) By refusing to grant damages for the period after August 11, 1970.

(3) By incorrectly determining the salary loss for each teacher for the 1968–69 and 1969–70 school years.

(4) By incorrectly determining the expenses incurred by each teacher in seeking employment.

(5) By refusing to allow the Jacksons damages for expenses incurred by them in maintaining two households during the 1969–70 school year.

·We sustain the trial court with respect to the latter three items because its findings in regard to these are not clearly erroneous. We reverse, however, insofar as the court held that the teachers were not entitled to reinstatement and were not entitled to damages after August 11, 1970.

We said in Smith v. Board of Education of Morrilton Sch. Dist. No. 32, 365 F.2d 770 (8th Cir. 1966), that a teacher who has been discriminated against is entitled to a preference in employment:

" * * * (1) The Board shall forthwith ascertain, with respect to each member of the former [school's] faculty, * * * whether that member remains interested in employment with the [school] district and, if so, the subjects which he is qualified to teach as measured by standards currently and legally applied by the Board. (2) A teacher who manifests such interest shall then be offered the first position for which he is so quali-

fied in which a vacancy now exists or hereafter occurs. (3) This preference, however, shall extend only to the first such vacancy so offered to that teacher; irrespective of his acceptance or refusal of the first offered, he shall not be entitled to preference with respect to any subsequent vacancy."

*Id.* at 784.

We further stated that a teacher is entitled to establish damages resulting from the dismissal:

" * * * [For] [t]he period * * * between the completion of the teacher's service at [the closed school] and the filing date of this opinion, except that with respect to any teacher who, pursuant hereto, manifests a desire to obtain reemployment in the [district's] schools, the period will also include the time between the date of this opinion and the effective date of reemployment offered him. * * * "

*Id.* at 784.[1]

■■ According to the trial court's interpretation, the latter paragraph placed a burden on a discharged teacher to demand reinstatement if he or she desired to recover damages for earnings lost after the appellate court's opinion was filed. We disagree with this interpretation. The Court in *Smith* intended to require a school board to offer reinstatement to each discharged teacher if it desired to toll the running of damages against it. We intended the same result here. It follows that Wheatley is required to ascertain which of the teachers still desire to return to the school district and to offer reinstatement. The trial court must recompute damages to include the period from June 11, 1970,

to the effective date of reemployment for each teacher manifesting a desire to return, subject, of course, to the usual rules for mitigating damages.

■ In determining the damages, the burden is on the school board to show what the teachers, through *reasonable* efforts, could have earned to mitigate them. Hegler v. Board of Ed. of Bearden Sch. Dist., Bearden, Ark., 447 F.2d 1078, 1081 (8th Cir. 1971); Newton v. Calhoun County School District, 232 Ark. 943, 341 S.W.2d 30, 32 (1960); S. Williston, A Treatise on the Law of Contracts §§ 1353, 1359 and 1360 (3rd ed. 1968). The trial court denied Mittie Jackson's claim for damages for the school years 1970–71 and 1971–72, because she quit a job at the Foreman Elementary School to move to Watson Chapel so that she could be with her husband who had obtained a position at a school there. The trial court erred in so holding.

We think that it is unreasonable to expect a married couple, such as the Jacksons, to maintain separate residences for the sole purpose of reducing damages caused by the unlawful actions of the school board. Hegler v. Board of Ed. of Bearden Sch. Dist., Bearden, Ark., *supra*; Florence Printing Company v. N.L.R.B., 376 F.2d 216 (4th Cir.), cert. denied, 389 U.S. 840, 88 S.Ct. 68, 19 L.Ed.2d 104 (1967). There is some confusion in the record as to where the Jacksons maintained their residence in the school year 1969–70. This confusion can be eliminated on remand. Our holding is only that Mittie Jackson is not obligated to live apart from her husband in order to mitigate damages, and that the burden is on the Board of Education to prove that she could have obtained em-

---

1. Other cases support the view of Smith v. Board of Education of Morrilton Sch. Dist. No. 32, 365 F.2d 770 (8th Cir. 1966), with respect to the teacher's right to be reinstated and to be compensated under the *Smith* measure of damages. Moore v. Board of Ed. of Chidester Sch. Dist. No. 59, Ark., 448 F.2d 709 (8th Cir. 1971); Franklin v. County School Board of Giles County, 360 F.2d 325 (4th Cir. 1966). See also, Cooley v. Board of Education of Forrest City Sch. Dist., 453 F.2d 282 (8th Cir. 1972), in which the Court held that a wrongfully discharged black teacher was entitled to reinstatement.

ployment as a teacher in or near the community where the family lived.

On remand, therefore, the school board will be entitled to prove, if it can, that Mittie Jackson could have obtained employment within a reasonable distance of the Jacksons' residence, and that she did not make a reasonable effort to do so. If the board fails to meet its burden, Mittie Jackson is entitled to be compensated for her loss of earnings for the 1970–71 and 1971–72 school years, and such other damages as she may be able to establish.

The judgment of the trial court is affirmed in part and reversed in part. The matter is remanded to the District Court for action consistent with this opinion. Costs will be taxed against Wheatley.