**Baxter K. WILLIAMS et al.,
Appellees,**

v.

**The ALBEMARLE CITY BOARD OF ED-
UCATION, a public body corporate,
Appellant.**

**No. 73-1479.**

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1973.

Decided Oct. 1, 1973.

Conrad O. Pearson, Durham, N. C., J. LeVonne Chambers, Charlotte, N. C., Jack Greenberg and Norman Chachkin, New York City, for appellees.

Richard L. Brown Jr., and Richard Lane Brown, III, Albemarle, N. C., for appellant.

Before BRYAN, Senior Circuit Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

The Albemarle City Board of Education, in North Carolina, prays reversal of a March 7, 1973 order of the District Court directing it to offer appellee Baxter K. Williams "employment as principal at one of the schools in the Albemarle City School System for the 1973–74 school year at the salary which his qualifications and the size of the schools dictate under the North Carolina teacher salary schedule, plus any supplement paid to principals" in the system. Additionally, the Board was required to pay Williams damages of $6,767.36, interest thereon, court costs and attorney's fees.

The order evolved from Williams' suit under the Civil Rights Act, 42 U.S.C. § 1983. A Negro, he was principal of the South Albemarle School and, when it was closed in the desegre-

gation of the schools, he lost this position. Although neither the closing nor the loss of position was due to race, the Court found that Williams suffered racial discrimination in his reassignment to the position of assistant principal. This amounted to a "demotion", the Court concluded, because the position involved less responsibility and carried with it some teaching duties. In our opinion, whether or not a transfer of a teacher to another position without loss of pay is a demotion is a finding of fact and subject to F.R.Civ.P. 52(a). The District Court's finding supporting this aspect of his claim cannot be appraised as "clearly erroneous" and so is accepted. We affirm that portion of the order which directs the Board to offer him employment as a principal.

■ However, like support is not present for the damages decreed. The damages Williams claimed, and allowed by the Court, could have been greatly minimized by him. The normal rules of mitigation [1] apply to an unjustified termination of a school faculty member. Jackson v. Wheatly School District, 464 F.2d 411, 413 (8 Cir. 1972); Hegler v. Board of Ed. of Bearden School District, 447 F.2d 1078, 1080 (8 Cir. 1971); Rolfe v. County Board of Education, 391 F.2d 77, 81 (6 Cir. 1968). Here there is no question of the defendant's proof of ready minimization. Indisputably, the opportunity was immediately at hand, without forfeiture of any right to sue and recover for any unsatisfied deprivation.

Upon the abandonment of the South Albemarle School, a contract for the next session, 1969–70, as an assistant principal was tendered Williams providing for a salary of not less than $9,494.00, the same compensation he received in the previous year. The proffer was not conditioned on his surrender of any claim he might have against the defendant. Notwithstanding, he rejected the offer, thus risking an increased injury. By remaining in the school system Williams could have avoided over the three years the incurrence elsewhere of the outlays and shrinkage of income he now claims as damages.

A listing of the damages sought confirms how substantially acceptance of the defendant's proposal would have reduced the losses for which Williams seeks indemnification. His major claims are these:

1. For 1969–70 after securing a place in Barber Scotia College, Concord, North Carolina, he commuted to and from Albemarle—50 miles per day, 6 days a week, for 50 weeks — $1,650.00
2. For 1970–71 and 1971–72, he obtained employment as a principal in the Pender County schools, moved to Burgaw, North Carolina and asserts these expenses:
   (a) Moving expenses to Burgaw — $625.00
   (b) House rent in Burgaw 26 months at $75.00 — 1,950.00
   (c) Water conditioner — 206.00
   (d) In 1970–71—transportation from Burgaw to Willard school in Pender County—205 days, 24 miles per day — 541.00
   (e) In 1971–72—transportation to West Pender School—4,266 miles — 459.00 — $3,781.00
3. Loss of salary—difference between Albemarle salary of $9,494.00 and Barber Scotia College of $7,000.00 — $2,494.00
4. Supplemental salary he might have earned at Albemarle in 1970–71. — $ 500.00

■ Had Williams availed himself of the opportunity of mitigation, as he should have, he could have avoided all the damages found to have been suffered by him. Consequently, so much of the order on review as granted him damages is vacated.

Affirmed in part, vacated in part, and remanded.

---

1. The term as here used also includes what some law writers describe as the "doctrine of avoidable consequences". 22 Am.Jur.2d "Damages" §§ 200, 30.