SEAMAN STORES COMPANY *v*. PORTER.

Opinion delivered January 20, 1930.

862

*A. M. Dobbs,* for appellant.

*Partain & Agee,* for appellee.

HART, C. J., (after stating the facts). The first assignment of error is that the court erred in giving instruction No. 2 at the request of the appellant. It reads as follows:

"2. If you find for the plaintiff, you will fix his damages at such a sum as you may find from the evidence will fairly compensate him for damages sustained, if any, as a direct result of the breach of the contract by the defendant, if you find that there was such a breach; in determining the amount of damages, if any, you may take into consideration the present value of the amount of compensation that the plaintiff would have received during the year 1929, if he had been permitted to perform his contract, if you find that he was wrongfully prevented from performing same, less any and all amounts that you may find from the evidence he may have received since his discharge, or that you may find that, by diligent efforts upon his part, he may be able to earn or receive during the remainder of the year 1929."

The court erred in giving this instruction. The record shows that the complaint was filed on the 14th day of February, 1929, and a trial was had, and judgment rendered in favor of appellee on the 14th day of March, 1929. There was a verdict and judgment for $1,200. According to the appellee's testimony, he was employed by the corporation for the year 1929, at a salary to be paid monthly in the sum of $125. According to the evidence for appellant, appellee was employed by the month. That question was properly submitted to the jury, but the court erred in giving instruction No. 2, copied above, on the measure of damages.

In *Van Winkle* v. *Satterfield,* 58 Ark. 617, 25 S. W. 1113, 23 L. R. A. 853, it was held that an employee, who has been wrongfully discharged before the expiration of his term of employment and brings suit at once for breach of the contract, is entitled to recover compensation for the injury suffered by the loss of wages down to the day of trial.

It was further held that, in estimating the damages for the wrongful discharge of a servant, such sums as he, by reasonable diligence, might have earned in a similar business, making allowance for the expense of obtaining employment, should be deducted from the wages he might have earned under the broken contract; but, in such case, the burden of proof is on the employer to show that the servant might have obtained similar employment.

Also, it was held that, to entitle an employer to reduce the damages recoverable for wrongful discharge of his servant, by showing that the servant has performed work on his own account, he must prove that the work was incompatible with the performance of the service stipulated to be performed under the violated contract.

The principles of law declared in that case control here. Appellee, upon his discharge in February, 1929, had a right to bring an action upon the alleged ground that he had been discharged without cause. The instruction complained of was erroneous in entitling him to recover the value of the compensation that he would have received during the year 1929, if he had been permitted to perform his contract. This was not his measure of damages. He might have died long before the time of his services under the contract expired. Under the rule announced in the case above cited, he would only be entitled to recover damages suffered at the date of the trial. As we have already seen, the date of the trial was March 14, 1929, just a month after he was discharged. Therefore, without proof of special damages of some kind, he was not entitled to recover the sum of $1,200, which was the amount of the verdict. The only damages proved by

appellee at the trial was the loss of his salary for a period of time, not longer than one-half of a month.

Inasmuch as the judgment must be reversed for the error indicated, and the cause will be remanded for a new trial, we will lay down the rule governing the elements of damages upon a new trial of the case. The time of service for which appellee was hired has now expired. Under the case above cited, if the employer desires to mitigate the damages by showing that the employee had employment, or could have obtained employment of a similar kind by reasonable diligence, during the whole, or any portion of the contract period, he may do so, but the burden of proof in this respect is upon him.

On the other hand, in the case cited, it was held that, where the servant sues at once for the breach of the contract of employment upon his discharge, he can recover the damages which he has sustained down to the day of trial, which is limited to a compensation of the injury suffered by the breach of the contract. The court said that the loss of wages, which his employer agreed to pay him, constitutes the injury, and that what he has suffered by reason of the loss of wages, as a rule, is the amount of damages he is entitled to recover.

As said in *Everson* v. *Powers,* 89 N. Y. 527, 42 Am. Rep. 319, where the cause of action is commenced during the term, but the trial occurs after the expiration of the term of service, we can see no reason why the plaintiff may not be permitted to recover the same damages that he would have been entitled to recover if the action had been commenced after the expiration of the term.

In *Wilkinson* v. *Black,* 80 Ala. 329, the court held that, where the suit is brought after the expiration of the term of service, or such term has expired at the day of trial, the measure of damages, *prima facie,* would be the wages agreed to be paid, according to the terms of the contract.

In *The Mount Hope Cemetery Association* v. *Weidenmann,* 139 Ill. 67, 28 N. E. 834, the court said that a servant, upon notice of his discharge, may immediately

bring his action for a breach of the contract, or he may wait until the expiration of the term of employment. It was further said that, if the servant sued before the termination of the contract, and the action was not tried until after the period of service stipulated for had expired, the plaintiff would be entitled to recover for the whole time, less payments made, and such sums as he had, or might by reasonable diligence, have earned subsequent to the breach. This is a clear and comprehensive statement as to the measure of damages.

In *Howay* v. *Going-Northrup Co.*, 24 Wash. 88, 64 Pac. 135, it was held that the immediate bringing of an action by a servant wrongfully discharged, during the term for which he was engaged, will not prevent a recovery for the whole unexpired term, if the trial does not take place until the term has expired.

To the same effect see *Roberts* v. *Rigdon*, 81 Ga. 440, 7 S. E. 742; and *Roberts* v. *Crowley*, 81 Ga. 429, 7 S. E. 740.

For the error in giving instruction No. 2 on the measure of damages, as copied above, the judgment must be reversed, and the cause will be remanded for a new trial.