SCHOOL DISTRICT NO. 65 OF RANDOLPH COUNTY *v.* WRIGHT.

Opinion delivered October 19, 1931.

*George M. Booth,* for appellant.

*A. J. Cole* and *Jackson & Blackford,* for appellee.

HART, C. J., (after stating the facts). Counsel for appellant first insist that the contract is void and unenforceable because the record does not show that the electors of the common school district at the annual school meeting voted to keep the school open more than three months in a year, as required by § 8952, Crawford & Moses' Digest. Under our settled rules of practice, this assignment of error is not before us for review. The record shows that, at the time of, or after the parties had made their statements to the jury, the court ruled that the burden was on the defendant to establish its defenses to the contract, and that it would be given the opening and closing of the case in argument. Counsel for the defendant accepted the ruling of the court as correct. Therefore, whether the ruling was correct or not, it be-

came the law of the case and governs the parties on this appeal.

It is next insisted that the court erred in instructing the jury that the burden was on the defendant to show that the plaintiff might have obtained other employment of the same character for the remainder of the term. What we have said with regard to the first assignment of error will govern on this point.

Besides this, the burden of proof was on the defendant to show that the plaintiff found or could have found employment elsewhere of the same or similar character for the balance of the term. *Seaman Stores Co.* v. *Porter,* 180 Ark. 860, 23 S. W. (2d) 249; *Tate* v. *School District No. 11 of Gentry County,* 324 Mo. 477, 23 S. W. (2d) 1031, 70 A. L. R. 771; *Beissel* v. *Vermillion Farmers' Elevator Co.,* 102 Minn. 239, 113 N. W. 575; *Farrell* v. *School District No. 2 of Township of Rubicon,* 98 Mich. 43, 56 N. W. 1053; *Hamilton* v. *Love,* 152 Ind. 641, 53 N. E. 181, 71 Am. St. Rep. 384; *Court* v. *O'Connor,* 65 (Tex.) 834; *Howard* v. *Daly,* 61 N. Y. 362; and *Kring* v. *School District No. 3,* 105 Neb. 864, 182 N. W. 481. In the last case cited it was said that it seems to be practically the latest and universal rule that, where an employee brings an action against the employer for damages resulting from a violation of the contract of employment, the burden rests upon the defendant to plead and show that the employee might have, or could have, obtained employment in mitigation of damages.

The next assignment of error is that the contract is unenforceable because it was unlawful for the board of directors of the school district to employ a teacher unless there was money on hand with which to pay her. To sustain this assignment of error, reliance is placed on § 9030 of Crawford & Moses' Digest, which provides that it shall be unlawful for any board of directors in any school district to employ a teacher unless said district has money to its credit in the county treasury for such work. The section, however, contains a proviso that, if the amount of taxes to be paid in by the collector of any county shall

be sufficient to have a school taught in any district in which such taxes are to be paid, then the directors shall have the power to employ teachers to teach a school in such district. In the present case, the record shows that during the time for which appellee was employed to teach the school, there was deposited in the county treasury for the district the sum of $531.39, which was an amount more than sufficient to pay appellee under her contract. It did not make any difference that the contract was to be performed after the next annual school meeting. Under our statute, there are three directors of a common school district, and each one is elected annually for a term of three years. Hence the court has held that it is not unlawful for the school board to make a contract for a teacher for a term beginning after one of the members of the board goes out of office. *Gates* v. *School District,* 53 Ark. 468, 14 S. W. 656, 10 L. R. A. 186; and *School District No. 54* v. *Garrison,* 90 Ark. 335, 119 S. W. 275. It is believed that this is a safe and reasonable rule to enable the directors to perform with due care the important duty of selecting and hiring teachers.

We find no reversible error in the record, and the judgment will therefore be affirmed.