WABBASEKA SCHOOL DISTRICT No. 7 *v.* JOHNSON.

5-847                                                286 S. W. 2d 841

Opinion delivered February 13, 1956.

*Coleman, Gantt & Ramsay,* for appellant.

*Wiley A. Branton,* for appellee.

PAUL WARD, Associate Justice. Appellee, Rubye Johnson, sued the Wabbaseka School District No. 7, Jefferson County, for damages because of the District's refusal to allow her to teach a term of school in accordance with an alleged contract. The Circuit Judge, sitting as a jury, found in favor of appellee, and in doing so he made several specific findings of fact. Since these findings need be supported only by substantial testimony we shall not deem it necessary to set out the voluminous testimony at any great length.

Appellee taught during the 1951-1952 term of school under a written contract, holding a Fourth grade emergency license which expired on or about the first of September, 1952. When the term of school ended the latter part of May, 1952, neither party notified the other that the contract would not be continued through the next succeeding school term as is provided for in Ark. Stats., § 80-1304(b). Appellee's contract, which was on a regular printed form, contained a renewal provision with practically the same wording as contained in the statute hereafter quoted.

Within ten days or two weeks after school had closed appellee enrolled at the A. M. & N. College in Pine Bluff and attended said school until August 8th or 9th, 1952, and on September 11, 1952, she was issued a five-year Junior High teacher's license which she recorded in the County Supervisor's office on September 22, 1952.

In answer to appellee's complaint, appellant, in substance stated: (a) At the close of the 1951-1952 term it was understood by appellee that her selection as a teacher for the ensuing term was conditioned on a sufficient enrollment to justify retaining her as a teacher, and that it was ascertained that there was no such enrollment and that she was so notified; (b) Appellee's contract could be and was cancelled by 30 days notice; (c) Appellee did not keep herself available to teach, and, if available, she could have secured other employment at equal compensation, and; (d) Appellee earned as much as she would have had she been allowed to teach.

Some of the above contentions may have been abandoned by appellant. At least its arguments for a reversal are based on somewhat different points which we shall examine in order, viz: 1. Appellee had no contract of employment; 2. Appellee was ineligible for employment, and; 3. Appellee was not available for employment.

1. Under the undisputed facts in this case together with the facts found by the trial judge to exist, it is our conclusion that appellee did have a contract with the school district to teach during the 1952-1953 school term.

The pertinent part of Ark. Stats., § 80-1304(b) reads as follows:

"Every contract of employment hereafter made between a teacher and a board of school directors shall be renewed in writing on the same terms and for the same salary, unless increased or decreased under the provisions of the law, for the school year next succeeding the date of termination fixed therein; unless within ten (10) days after the date of the termination of said school term, the teacher shall be notified by the school board in writing . . . or unless the teacher within ten (10) days after the close of school shall deliver or mail by registered mail to such school board his or her written resignation as such teacher, . . ."

It is not contended that appellant gave appellee notice of the kind or within the time mentioned in the above statute, nor is it contended that appellee notified appellant that she would not accept such employment. There was introduced some testimony on behalf of appellant that a member of the board attempted to give appellee notice that she would not be re-employed. It is not contended that notice was given to appellee but to her mother. Moreover the time of giving this notice does not appear to be definite and on the whole the trial judge was justified in finding that the statutory notice had not been given. Introduced into the evidence was a letter dated May 19, 1952 [a few days before school closed] signed by the school superintendent and delivered to appellee. Portions of this letter read as follows: "The school board has asked me to inform you that you have been re-employed . . . for the next school term (1952-1953). If you plan to leave us for work elsewhere I wish you would let me know as soon as possible; . . ." It is not contended that appellee answered this letter. The first notice appellee actually had that she would not be allowed to teach was a telephone call she received on September the 8th or 9th before the school term was to begin on the 15th of the same month. When these circumstances are considered in connection with the language of the above quoted statute we are forced to the

conclusion that the school district cannot now be allowed to take the position that appellee had no contract to teach during the 1952-1953 term. It seems to us that the above statutory provision was intended to be a protection to teachers in the matter of employment in circumstances similar to these. As said in the case of *Sirmon* v. *Roberts,* 209 Ark. 586, 191 S. W. 2d 824, this statute tends to eliminate uncertainties and possible controversy.

There is no conflict, as contended by appellant, between the conclusion we have reached and the holding in *Johnson* v. *Wert,* 225 Ark. 91, 279 S. W. 2d 274. The cited case deals with the employment of a superintendent and that portion of Ark. Stats., § 80-1304(b) relating to superintendents does not contain the protective language used in that portion of the statute referring to teachers.

2. Appellant ably argues that, regardless of whether or not appellee had a contract, she was ineligible to teach or contract to teach during the 1952-1953 term. This argument is based on the conceded fact that appellee had no teacher's license from September 1, 1952, when her old license expired, until September 11, 1952, when she received a new license, and also because appellee's new license was not filed with the county supervisor before the new term began. It will be noted that appellee secured her new license a few days before the new school term began on September 15th.

It would be a harsh rule and one to which we would not willingly subscribe to hold that appellee was ineligible to teach during the term of school beginning on September 15, 1952, merely because there was a period of ten days [from September 1st to September 11th] during which she had no valid teacher's license. We can find nothing in the law that justifies any such interpretation and nothing that would impose such a hardship on the teaching profession. The law does require a teacher's license be filed with the county supervisor, and it is true that appellee's license in this instance was not so filed until September 22, 1952, but it must be kept in mind that on September 8th or 9th appellant had notified appellee that she would not be allowed to teach. This

fact may have caused appellee to delay filing her license with the county supervisor. Ark. Stats., § 80-1304, provides that warrants [issued for teaching] are void unless the teacher has a license but it clearly appears that had appellee been allowed to teach she would have had a license duly filed when the first warrant would have been issued to her.

In support of their contention on this point appellant cites *Vick Consolidated School District No. 21* v. *New,* 208 Ark. 874, 187 S. W. 2d 948, but we do not think the cited case is in point here. The holding in that case was that a teacher could not retain the salary which he had received for teaching during the time when he held no teacher's license.

3. The testimony does not justify appellant's contention that appellee was not available to teach during the 1952-1953 term or that she did not attempt to secure other employment. The trial court specifically found contrary to appellant's contention in this matter. The testimony shows that after appellee was notified on September 8th or 9th that she would not be allowed to teach, she got married on or about September 18, 1952. The trial judge was justified in finding that she did not decide to get married until after the September 8th or 9th notice. Appellee testified that she attempted to secure another teaching position in this state but that when she was unsuccessful she went with her husband to Chicago on October 10th. She stated she tried to get employment as a teacher in Chicago but was unable to do so because she did not have a college degree, and that she tried to get other employment but was successful only to a very limited degree. There is no testimony directly contradicting the above and we must conclude that there was substantial testimony to sustain the finding of the trial judge in this regard.

Affirmed.