RUNKLE *v.* FUESS.

5-970                                    290 S. W. 2d 433

Opinion delivered May 21, 1956.

*Willis & Walker,* for appellant.

*Arnold M. Adams* and *A. F. House,* for appellee.

SAM ROBINSON, Associate Justice.   This case grows out of an alleged breach of a contract of employment. Appellant Runkle employed appellees Harry and Mazie Fuess to operate Runmoor Lodge, in Boone County, beginning April 1, 1953 for one year, at a salary of $400.00 per month, together with their living expenses.   Runkle discharged the appellees in December 1953; they did not obtain other employment until March 1, 1954.   Later, they filed this suit against Runkle, asking judgment in the sum of $2,098.30 for salary due at the time they were discharged and for damages they sustained by reason of Runkle's breach of the contract of employment.   The jury returned a verdict for the amount sued for, and Runkle has appealed.

First, it is contended that the amount of the judgment is not sustained by the evidence.   The jury found for appellees on all issues.   There is evidence that Runkle

owed appellees $400.00 per month for eleven months—a total of $4,400.00—less salary payments totalling $1,-661.70; Social Security, $170.00; and Withholding Tax of $470.00, making a total of $2,301.70 to be credited against the $4,400.00, leaving $2,098.30, the amount of the verdict. Hence, the verdict is fully sustained by the evidence.

The court gave appellees' requested Instruction No. 8, as follows: ''If you find that the contract was not amended and that there was no violation on the part of the plaintiffs, then you should return in their favor a verdict for the sum of $4,800.00 less salary actually paid to plaintiffs and less the sums of $170.00, $400.00, and the amount of withholding taxes paid by the defendant for the plaintiffs, and less any additional amounts the plaintiffs could have earned after December if by reasonable efforts they could have obtained other employment before they went to the Eldorado Golf Club in March of 1954.'' Appellant objected on the ground that the undisputed evidence shows that appellees, upon being discharged by appellant, did not seek other employment until March 1954. Actually, appellees did not receive the notice of their discharge by Runkle until about January 25, 1953. Following the receipt of this notice, Fuess was ill for about thirty days, and then appellees found other employment and began work March 1. During the short time they were unemployed, they drew some Social Security payments so that appellant had to pay for only about 45 days that appellees were out of work. The rule is that a party in the circumstances of appellees must make a reasonable effort to obtain other employment. Here, there was no showing that appellees could have obtained other employment before March 1, and the burden was on the appellant to produce evidence that such employment could have been obtained before that time. In *Van Winkle* v. *Satterfield*, 58 Ark. 617, 25 S. W. 1113, the court said: When a servant is wrongfully discharged by his employer, it is his duty to use 'reasonable efforts to avoid loss by securing employment elsewhere.' . . . The burden of proof is on the employer to show that the servant might have obtained

similar employment; for the failure of the servant to obtain other employment does not affect the right of action, but only goes in reduction of damages, and, if nothing else is shown, 'the servant is entitled to recover the contract price upon proving the employer's violation of the contract, and his own willingness to perform.' "

"The burden of proof was on the defendant to show that the plaintiff found or could have found employment elsewhere of the same or similar character for the balance of the term." *School District No. 65 of Randolph County* v. *Wright,* 184 Ark. 405, 42 S. W. 2d 555.

Appellant complains of the court's failure to give his Instruction No. 5, but this instruction limited appellees' recovery to a time prior to December 11, 1953. The evidence was sufficient to sustain a recovery to March 1, hence the court correctly refused the instruction.

Affirmed.

GEORGE ROSE SMITH not participating.