NEWTON *v*. CALHOUN COUNTY SCHOOL DISTRICT.

5-2270                                        341 S. W. 2d 30

Opinion delivered December 19, 1960.

*R. H. Peace* and *James E. Stein*, for appellant.

*W. C. Medley*, for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellant, a school teacher, to recover her salary of $1,811.70 for the 1955-1956 school year. Mrs. Newton had been employed by the appellee district during the preceding year, and her contract contained the statutory provision that it would be renewed for the succeeding year "unless within ten days after the date of the termination of said school term, the teacher shall be notified by the school board in writing delivered in person or mailed to him or her at last and usual known address by registered mail that such contract will not be

renewed." Ark. Stats. 1947, § 80-1304 (b). It is conceded that Mrs. Newton was not given the required written notice, but the circuit court, sitting without a jury, found that she was given oral notice and that the school board was justified in assuming that she had waived the requirement of written notice. The issue on appeal is the sufficiency of the evidence to support the court's finding.

The principal witnesses were the plaintiff and Walter Rowland, the principal at the school in question. Mrs. Newton testified that during her last term as a teacher she was not given even an oral notice that her contract would not be renewed. She says that she did not learn of her discharge until she reported for work on the opening day of the fall term. She was then told that another teacher had been employed in her place and that she would not be needed. Mrs. Newton was unable to find other employment and lost a year's work.

Rowland, the principal, was not aware of the requirement that written notice be given. He testified that soon after the school election in March he was instructed by W. J. Jones, the secretary of the school board, to tell Mrs. Newton that she had not been retained. "I went to Mrs. Newton's room and talked to her and told her I wanted to tell her that she had had trouble in the election of the board and that since I had nothing to do with the hiring or discharging of teachers if she wanted to discuss it with anybody it would be necessary for her to talk to the board." Later on the following appears:

"The Court: And will you state again for the Court's benefit the notice that you gave her?

"The Witness: I didn't say in so many words—I wanted to make it as easy as possible—I told Mrs. Newton that she had had trouble in the school election and advised her to talk to Mr. Jones about it if she wanted to clear it up and that any discussion would be better to be had with him."

Rowland also testified that on the last day of the term in May he was making up a schedule of teachers for the fall. This schedule contained two blanks, one for Mrs. Newton's name and the other for Mrs. Stanton, who was resigning. Mrs. Stanton remarked, according to Rowland, "that it made her feel bad to see the schedule without her name on it, and Mrs. Newton said, 'Well, what do you think about me?'" The schedule was not put up for the teachers to see.

During the summer Rowland talked to Mrs. Newton by telephone. In that conversation "she stated that she wasn't going to be treated that way . . . and I told her that I could not tell her anything that had any bearing on the matter and that she would have to talk to the Board about it." Rowland denied that Mrs. Newton appeared for work on the first day of the fall term, but we think this to be immaterial, as he stated that she would not have been employed even if she had been present.

We are unable to find in the record substantial evidence to support the finding that Mrs. Newton waived the required written notice. In the absence of a waiver she is entitled to recover. *Wabbaseka Sch. Dist. No. 7* v. *Johnson,* 225 Ark. 982, 286 S. W. 2d 841. A waiver was found to have occurred in *Sirmon* v. *Roberts,* 209 Ark. 586, 191 S. W. 2d 824, but in that case the teacher admitted that she had told a school board member that if "the board didn't want me, I didn't want the place."

The statutory requirement of written notice is an important safeguard to the teacher's standing and security. As we said in the *Sirmon* case: "One obvious purpose of the statute requiring written notice was elimination of uncertainty and possible controversy regarding the future status of a teacher and a school." In the case at bar if the school board was misled into thinking that Mrs. Newton had been discharged it was doubtless because the board assumed that Rowland had carried out Jones' instruction to inform Mrs. Newton that she had not been retained. But Rowland in substance admits

that he did not so inform this teacher; he merely told her that she had had trouble in the school election and should see Jones if she wanted to clear the matter up. There is no indication that Mrs. Newton discussed the issue with Jones, who appears to have died before the trial. The proof indicates at most that Mrs. Newton was conscious of some uncertainty about her status in the coming year, but she was under no affirmative duty of bringing the matter to an issue. To the contrary, the statutory and contractual obligation of giving notice rested upon the school board. There is no evidence to show either that Mrs. Newton voluntarily relinquished her position or that she did or said anything to beguile the board into thinking that she regarded her contract as having been terminated.

If the district desired to mitigate the plaintiff's damages it had the burden of proving that she could have obtained other employment. *School Dist. No. 65 of Randolph County* v. *Wright,* 184 Ark. 405, 42 S. W. 2d 555. As no such proof was offered the plaintiff was entitled to judgment for the full amount of her salary, and the cause will be remanded for the entry of such a judgment.

Reversed.

HARRIS, C. J., dissents.