Eve V. HEGLER, and the Arkansas Teachers Association, Inc., Appellants,

v.

The BOARD OF EDUCATION OF the BEARDEN SCHOOL DISTRICT, BEARDEN, ARKANSAS, et al., Appellees.

No. 20569.

United States Court of Appeals, Eighth Circuit.

Sept. 9, 1971.

John T. Lavey, Walker, Kaplan, Lavey & Mays, Little Rock, Ark., for appellants.

William I. Prewett, El Dorado, Ark., for appellees.

Before JOHNSEN and ROSS, Circuit Judges and HARPER, District Judge.

HARPER, District Judge.

This is an equitable action brought pursuant to 42 U.S.C. §§ 1981 and 1983 and 28 U.S.C. § 1343(3) (4),[1] claiming discrimination based on race by the Board of Education of the Bearden School District in their refusal to rehire appellant, Eve V. Hegler, as a school teacher for the 1969–70 school year. The court below entered a decree directing the Board of Education to offer appellant a comparable teaching position for the 1970–71 school year, and the Board of Education complied. Appellant appeals that portion of the decree refusing damages and awarding $350.00 attorney's fees.

Before turning to the merits of this appeal we must first consider appellees' motion to dismiss for failure to file timely notice of appeal. The supplemental order from which appeal is taken was entered in the docket on July 29, 1970.[2] On August 26, 1970, the appellant's attorney mailed notice of appeal to Mrs. Jane Wright as deputy clerk for the United States District Court for the Western District of Arkansas, and a copy of the notice of appeal to Mr. Prewett, attorney for the appellees. Both documents were mailed from Little Rock, Arkansas, to the offices of the respective recipients in El Dorado, Arkansas, a distance of 116 miles. The clerk's

---

1. The complaint states that this action is brought pursuant to 28 U.S.C. § 1342 (3) (4), however a reading of its contents and the record indicates the action was brought under 28 U.S.C. § 1343(3) (4).

2. Appellees express some concern over whether the date that the order was docketed on July 29th (App. 3 and Stip.) or the date the order was filed on July 27th (App. 36) should be used for the purposes of calculating the timeliness of this appeal. Rule 4(a), Fed.R.App.P. provides:

"In a civil case * * * in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of judgment or order appealed from; * * *

"A judgment or order is entered within the meaning of this subdivision when it is entered in the civil docket."

The date of docketing, therefore, not the date of filing is the critical point from which time for appeal is measured. See also, United States v. Ronne, 9 Cir., 414 F.2d 1340, interpreting a similar provision under Rule 4(b), Fed.R.App.P.

office of the District Court was closed on August 26, 27 and 28, 1970, since the only deputy clerk was absent from work pursuant to annual leave. The following two days, August 29 and 30, fell on a Saturday and Sunday, during which the clerk's office was officially closed. Notice of appeal was not filed by the deputy clerk until her return on August 31, 1970, following the August 28th deadline for such filing. The copy of the notice of appeal, though, was received by Mr. Prewett on the morning of August 28, 1970, the last day for filing the appeal.

The situation before the court in Ward v. Atlantic Coast Line Railroad Company, 5 Cir., 265 F.2d 75, rev'd on other grounds, 362 U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820 (see also Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760; Reynolds v. United States, 5 Cir., 288 F.2d 78, cert. den. 368 U.S. 883, 82 S.Ct. 127, 7 L.Ed.2d 83), is almost identical to that here. In *Ward*, the appellant mailed notice of appeal prior to the deadline, but it was not filed until subsequent to the last date for filing notice of appeal due to the closing of the clerk's office during the absence of a clerk on annual leave, and an intervening weekend. The court there held, at page 80 of 265 F.2d:

" * * * appellant is entitled to the presumption that his notice of appeal was placed in the post office box of the clerk of the district court within the required time, notwithstanding the failure of the clerk or his deputy manually to take possession of and mark the notice 'filed' until Monday, January 6, 1958. Being in the custody of the clerk, it met the requirement that it be 'actually' received in the clerk's office within the thirty-day period."

█ Appellant in this case is also entitled to the presumption of receipt by the clerk's office of his notice of appeal on August 28, 1970. The motion to dismiss is denied.

We turn now to a consideration of the merits of this appeal.

The District Court denied damages for the school year 1969–70, and the court with respect to damages said:

"I am not awarding back pay. I do not believe it is justified. This party has made no record about the damages that she has sustained except the fact that she claims to have lost this year and she has made no attempt whatsoever except an inquiry to the executive secretary of the existing organization and now the assistant executive secretary of the Arkansas Education Association of her desire of teaching some other place. Her own testimony is to the fact that she took no action whatsoever in that regard and that she wanted to go back to teaching in this particular school and the court takes it as her desires as to what she actually wants." (App. 302–3)

In Smith v. Board of Education of Morrilton School District No. 32, 365 F. 2d 770 (8th Cir.), it was held that damages are a proper remedy following dismissal of teachers based on racial discrimination. The court at 784 said:

"The period for which damage may be shown is the period between the completion of the teacher's service at Sullivan and the filing date of this opinion, except that with respect to any teacher who, pursuant hereto, manifests a desire to obtain reemployment in the Morrilton schools, the period will also include the time between the date of this opinion and the effective date of reemployment offered him. Of course, the normal rules of mitigation shall apply to these damage determinations."

The complaint contains a prayer for money damages including those "for loss of employment within the defendant school district." The record shows that appellant has not earned any income during the year following her dismissal to the time she was offered reemployment by the Bearden School District. An interrogatory introduced by appellant recites that for the school year 1969–70, during which Mrs. Hegler was

not rehired, a teacher holding a bachelor's degree would be entitled to a salary of $5,300.00. The appellant held a Bachelor of Arts degree from Arkansas A. S. & N. State College.

■ The overwhelming authority places the burden on the wrongdoer to produce evidence showing what the appellant could have earned to mitigate damages. Rolfe v. County Board of Education of Lincoln County, Tenn., 6 Cir., 391 F.2d 77; John S. Doane Co. v. Martin, 1 Cir., 164 F.2d 537; Blood v. Spring Creek Number 12, Common School District, 78 S.D. 580, 105 N.W.2d 545.

The court in Newton v. Calhoun County School District, 232 Ark. 943, * * * 341 S.W.2d 30, 32, said:

"If the district desired to mitigate the plaintiff's damages it had the burden of proving she could have obtained other employment, School District No. 65 of Randolph County v. Wright, 184 Ark. 405, 42 S.W.2d 555. As no such proof was offered the plaintiff was entitled to judgment for the full amount of her salary and the cause will be remanded for the entry of such a judgment."

The defendant-appellee has to show not only that the plaintiff-appellant failed to use reasonable care and diligence, but that there were jobs available which appellant could have discovered and for which she was qualified.

■ The only evidence in the record concerning possible employment was elicited on cross-examination by the appellee from Mr. Patterson, the Executive Secretary of the Arkansas Teachers Association. He testified that he knew only of job opportunities for which the appellant was qualified in other states during the time Mrs. Hegler was unemployed. The record indicates that appellant made no inquiries concerning these jobs outside the state because her husband was working in Bearden and she did not wish to leave her home. We conclude that it was not unreasonable for her to refuse to abandon her community and move to another state in order to reduce damages caused by the School Board's unlawful acts. See i. e., Florence Printing Company v. NLRB, 4 Cir., 376 F.2d 216, cert. den. 389 U.S. 840, 88 S.Ct. 68, 19 L.Ed.2d 104. Since the defendant-appellee has offered no other evidence showing job openings available to Mrs. Hegler, it has failed to sustain its burden of proof.

■ Appellant contends that the award of $350.00 attorney's fee is inadequate. We do not agree. In Cappel v. Adams, 434 F.2d 1278 (5th Cir. 1970), it was held, l. c. 1280:

"The sum determined to be a reasonable attorney's fee is within the discretion of the district court; before a reviewing court should disturb the holding there should be a clear showing that the trial judge abused his discretion. Garrett v. McRee, 10th Cir. 1953, 201 F.2d 250, 254; Monaghan v. Hill, 9th Cir. 1944, 140 F.2d 31, 34."

The record before this court is devoid of any proof concerning time spent by attorneys in preparation for this case or any proof as to reasonable attorney's fees. Apparently, the only guide the trial court had before it in allotting attorney's fees was the time during which the attorney appeared before that court. Absent facts necessary to support an additional fee, an award of $350.00 attorney's fees was not an abuse of discretion. West v. H. K. Ferguson Company, 10 Cir., 382 F.2d 630.

Appellant, Arkansas Teachers Association, Inc., has not filed a brief, nor entered an appearance. The judgment of the District Court dismissing the complaint of the Arkansas Teachers Association, Inc., is affirmed.

We reverse and remand on the issue of damages with directions to the District Court to enter a judgment of $5,300.00 for appellant, Eve V. Hegler, and against the appellee, Board of Education of the Bearden School District.