**UNITED STATES of America FOR the USE OF TOM GROWNEY EQUIP-MENT, INC., Plaintiff-Appellant,**

v.

**George B. FISHER et al., Defendants-Appellees.**

**No. 71–1323.**

United States Court of Appeals, Tenth Circuit.

April 18, 1972.

Marshall G. Martin, and John M. Wells, Albuquerque, N. M., on brief for plaintiff-appellant.

Kegel & McCulloh, Santa Fe, N. M., on brief for defendants-appellees.

Before HILL, HOLLOWAY and Mc-WILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Pursuant to the provisions of 40 U.S. C. § 270b, commonly referred to as the Miller Act, Tom Growney Equipment, Inc., filed an action in the United States District Court for the District of New Mexico, against George B. Fisher, Fred Pettingill, and The Home Indemnity Company. In the complaint Growney sought damages for an alleged breach of a contract whereby it had leased certain heavy equipment to Fisher and Pettingill, which equipment was in turn used by Fisher and Pettingill in performing services for the United States Bureau of Reclamation on the Heron Dam project.

Specifically, it was alleged in the complaint that Growney leased a John Deere diesel crawler-loader and a Roanoke tree shearer to Fisher and Pettingill for a term of six months at a monthly rental of $1,300, plus applicable state gross receipts tax. In this connection it was further alleged that Fisher and Pettingill, after having paid two months' rent in advance, returned the rented equipment to Growney at the end of two months and that accordingly they were liable for the remaining four months' rental. Growney also sought additional damages in the amount of $917.78 for damage allegedly done to the equipment while it was in the possession of Fisher and Pettingill. As concerns the Home Indemnity Company, it was alleged that it, as surety, had executed and delivered to the United States a payment bond in the amount of $44,820 for the protection of all persons supplying labor or material in the prosecution of the aforesaid work on the Heron Dam.

Trial was to the court and at trial the dispute centered largely on whether the contract was for six months or two. As indicated, Growney offered evidence that the rental contract was for a term of six months, whereas Fisher and Pettingill testified it was only a two months' rental. The trial court found that the rental contract was for a six month term. However, the trial court further found

that because the written rental contract was not received until two weeks after the equipment had been delivered by Growney to Fisher and Pettingill, Growney was not entitled to rent for the two weeks' period in question. As concerns the right of Growney to recover the rent for the remaining portion of the six months' period, namely, some three and one-half months, the trial court found that because Growney did not rent or attempt to rent the equipment after it was returned by Fisher and Pettingill, "some deduction should be made * * *." Based on such reasoning, the trial court declined to make any award of damages to Growney and concluded with the declaration that "all claims for damages are hereby denied." Growney now appeals, contending that the trial court erred in refusing to award damages. We agree with Growney.

■ The trial court's finding that the rental contract was for a six month period of time is not under challenge in this court. Such being the case, we fail to see why the fact that the written contract was not received by Fisher and Pettingill till two weeks after they had received the equipment is of any real significance. In this regard, Fisher testified that he received the contract in question about one week after he had received the equipment, with Growney testifying that he had mailed the written contract the same day the equipment was turned over to Fisher and Pettingill. As we see it, however, the important thing is that Fisher and Pettingill had in fact received possession of the equipment and were using it on the Heron Dam project for the two weeks in question under a contract which the trial court held was for a period of six months. Even assuming that the contract did not come into existence until the written contract calling for six months' rental was received by Fisher and Pettingill, the contract was still one which would thereafter run for six months. In either event, the finding that Growney was not entitled to two

weeks' rent because of the delay in getting the contract to Fisher and Pettingill finds no support in the record and under Fed.R.Civ.P. 52 must be set aside.

■ And the trial court's further finding that Growney was not entitled to the remaining three and one-half months' rental is also without support in the record. The matter of any failure on the part of Growney to mitigate its damage is simply not in the case. Fisher and Pettingill did not affirmatively plead that Growney in failing to attempt to rerent the equipment had failed to mitigate its damage; nor was the matter injected into the trial with either the express or implied consent of the parties. Fed.R.Civ.P. 15(b). And the record itself is devoid of evidence as to whether the equipment in question could or could not have been rented by Growney by the exercise of any reasonable effort after its return by Fisher and Pettingill. What little testimony there is bearing on this matter is to the effect that the crawler-loader with an attached tree shearer is a somewhat unique operation; that Growney, at an expense of some $4,000, had to buy the tree shearer and then make adjustments to both units before delivery of the same to Fisher and Pettingill; and that when the equipment was returned the tree shearer was sprung and "would have to have a lot of work done on it before it was usable." Indicative of the fact that mitigation of damage was not in the case is the complete absence of any comment on the matter by counsel in their closing argument. On such state of the record the trial court erred in disallowing the remaining three and one-half months' rental and should have entered judgment for Growney for the amount of the unpaid rent for the four months in question.

In support of the foregoing, see such cases as Hegler v. Board of Education, 447 F.2d 1078 (8th Cir. 1971), where it was declared that the overwhelming weight of authority places the burden on the wrongdoer to produce evidence show-

ing that the other party to the contract with reasonable effort could have mitigated his damages. *See also* State ex rel. Freeman v. Sierra County, Board of Education, 157 P.2d 234 (N.M.1945), where it was held that mitigation of damages is an affirmative defense and its burden rests entirely on the contract breaker.

Concerning the damage allegedly occasioned the equipment by Fisher and Pettingill, the parties agree that the trial court failed to make any findings on this phase of the controversy. Accordingly, this particular matter is remanded to the trial court with direction that it make findings of fact and conclusions of law in conformity with Fed.R.Civ.P. 52 and enter judgment consonant with such findings and conclusions. By this direction we should not be understood as indicating that Growney is necessarily entitled to recovery for damages done the equipment while in the possession of Fisher and Pettingill. This is a matter for the trial court, not us.

Judgment reversed and cause remanded with direction that further proceedings be in conformity with the views herein expressed.