Barbara GILLESPIE, Appellant,

v.

The BOARD OF EDUCATION OF the NORTH LITTLE ROCK SCHOOL DISTRICT, NUMBER ONE OF PULASKI COUNTY, Mary A. Gosser As President and Representative said Board; and George Miller, Superintendent of Schools of said School District, Appellees.

No. 82–1040.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 28, 1982.

Decided Nov. 8, 1982.

Robert V. Light, Little Rock, Ark., for appellees.

John W. Walker, Little Rock, Ark., for appellant.

Before HEANEY, Circuit Judge, and STEPHENSON and HENLEY, Senior Circuit Judges.

STEPHENSON, Senior Circuit Judge.

Plaintiff-appellant Barbara Gillespie appeals from the district court's[1] conclusion that appellee North Little Rock School District (School District) substantially complied with the notice provisions of Ark.Stat.Ann. § 80–1304(b) (1980). We affirm the district court, 528 F.Supp. 433.

I.   BACKGROUND

Gillespie, a certified guidance counselor, applied for and received a position as one of

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Ar-   kansas.

the two guidance counselors at Ridgeroad Junior High School for the 1979–80 school year, commencing her employment October 3, 1979. After starting work, she notified her principal, John Mears, that she was pregnant and would require maternity leave. The School District granted Gillespie maternity leave and she was on leave from January 11, 1980 to March 5, 1980.

Approximately one month after she returned from her maternity leave, Gillespie was informed by Mears that declining enrollment had forced the School District to abolish her position as guidance counselor for the 1980–81 school year. One week later, on April 10, 1980, Gillespie and her husband met with John Brooks, director of secondary education. Brooks also told Gillespie that one counselor position at her school would have to be eliminated because of the decline in student enrollment. However, Brooks assured Gillespie that she would be reassigned as a classroom teacher for the 1980–81 school year. In a letter to Brooks dated April 21, 1980, Gillespie confirmed her conversations with Brooks and Mears. She stated that she understood that Ridgeroad did not need her as a counselor but that she would have an assignment for the 1980–81 year. She further emphasized that she would like a counseling position when one became available in any school in the district.

Because of a computer programming error, Gillespie received a counseling position contract for the 1980–81 school year dated May 23, 1980. Although she was surprised to receive the counseling contract, Gillespie immediately executed the contract and returned it to the School District. When she told Mears about the document, he told her it was a mistake and advised her to talk to Doyle Crownover, the assistant superintendent for administration. Gillespie declined to do so.

As soon as Crownover became aware of the mistake, he sent Gillespie a letter dated May 27, 1980. The letter explained that a computer data error had caused her to receive an erroneous contract for counseling. Crownover enclosed a classroom teacher contract dated May 27, 1980, which he requested Gillespie execute and return. On June 6, 1980, Crownover visited Gillespie's office at Ridgeroad to discuss the contract mixup with her. He again explained that the issuance of a counseling contract had been a computer error and he again asked Gillespie to sign and return the teaching contract. Gillespie responded that she wanted to think about it and that she would contact him. Later that day she wrote Crownover a letter stating: "As of May 23, 1980, I have been under contract with the North Little Rock Public Schools, with the primary responsibility of counselor. My contract calls for the total compensation of $16,043.28 for the 1980–81 school term. Enclosed you will find a copy of the second contract dated May 27."

In a letter dated June 16, 1980, the School District's attorney wrote Gillespie. He enclosed a contract for a position as a secondary teacher and urged her to sign and return it. Gillespie did not respond to the letter.

Mr. George Miller, superintendent of schools, wrote Gillespie on June 26, 1980. His letter stated that he would recommend that the school board terminate any existing contractual relationship with Gillespie because she had attempted to take advantage of the computer error in her contract preparation. In a letter dated July 25, 1980, Miller informed Gillespie that the board had indeed voted to terminate any contractual relationship with her.

Gillespie filed a complaint in the Eastern District of Arkansas alleging sex discrimination, violations of her First Amendment and Fourteenth Amendment rights and a violation of the notice provisions of Ark. Stat.Ann. § 80–1304(b) (1980). That statute requires, subject to certain exceptions, that a school district give written notice to a teacher of its intent not to renew a teaching contract on the same terms and conditions as the immediately preceding teaching contract. After a two-day trial to the district court, the court entered judgment for the defendants.

## II. ANALYSIS

Gillespie has not appealed any of her federal claims but instead has limited her

appeal to her pendent state claim based on Ark.Stat.Ann. § 80–1304(b) (1980). That statute provides:

Every contract of employment hereafter made between a teacher and a board of school directors shall be renewed in writing on the same terms and for the same salary, unless increased or decreased by law, for the school year next succeeding the date of termination fixed therein, which renewal may be made by indorsement on the existing contract instrument; *unless during the period of such contract or within ten (10) days after the termination of said school term, the teacher shall be notified by the school board in writing* delivered in person or mailed to him or her at last and usual known address by registered mail *that such contract will not be renewed for such succeeding year,* or unless the teacher during the period of the contract or within ten (10) days after close of school shall deliver or mail by registered mail to such board his or her written resignation as such teacher, or unless such contract is superseded by another contract between the parties.

Ark.Stat.Ann. § 80–1304(b) (1980) (emphasis added). Gillespie argues that she did not receive written notice during the time period required by the statute. Therefore, the School District is liable for and must pay Gillespie a salary for the 1980–81 school year. She contends her contract was extended by the operation of law. *See Marion County Rural School District No. 1 v. Rastle,* 576 S.W.2d 502, 504 (Ark.1979).

The district court found substantial compliance with the notice of non-renewal provisions of the statute. The court ruled that: "Mr. Crownover's letter to plaintiff (enclosing the corrected secondary teaching contract) dated May 27, 1980, taken in conjunction with her meetings with Mr. Mears and Mr. Brooks, constituted substantial compliance with the provisions of Ark.Stat. Ann. § 80–1304(b)." As an appellate court, it is not our function to try this case *de novo. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Goldman,* 593 F.2d 129, 131 (8th Cir.), *cert. denied,* 444 U.S. 838, 100 S.Ct. 76, 62 L.Ed.2d 50 (1979). The evidence, taken as a whole, fully supports the district court's conclusion that the School District substantially complied with the notice provisions of Arkansas law.

■ Arkansas has a continuing contract statutory system which provides for the automatic renewal of each teacher contract absent affirmative action by the school board. Section 1304(b) does not set out a specific language requirement which must be met by the School District before its written notice is effective. In fact, the Arkansas Supreme Court has ruled that the "written" requirement can be waived in some circumstances. *See Newton v. Calhoun County School District,* 232 Ark. 943, 341 S.W.2d 30, 32 (1960); *Sirmon v. Roberts,* 209 Ark. 586, 191 S.W.2d 824, 826 (1946). The statute only requires timely written notice that the prior year's contract will not be renewed for the upcoming school year. In several recent opinions the Arkansas Supreme Court has indicated that the issue is whether the school board has acted in substantial compliance with the law. *See Burden v. Hayden,* 627 S.W.2d 555, 556 (Ark.1982); *Maxwell v. Southside School District,* 273 Ark. 89, 618 S.W.2d 148, 149 (1981); *Fullerton v. Southside School District,* 272 Ark. 288, 613 S.W.2d 827, 829 (1981).

■ The evidence reveals that the School District did substantially comply with section 1304(b) and that Gillespie did receive notice within the statutory time frame that she would not be re-employed as a counselor. Gillespie's last day of work was June 7, 1980. In early April she was informed by Mears and Brooks that, due to declining enrollment, her counseling position was being abolished and she would be employed as a teacher and not as a counselor. Additionally, a letter she received shortly after May 27, 1980, stated:

As you know we recommended and the Board accepted a reassignment for you for 1980–81 from your role as counselor to that of classroom teacher. This was made necessary by the declining enrollment in Ridgeroad Junior High School. Through an error, your status was not changed on the computer data and thus

an erroneous contract was issued reflecting your present assignment.

This error is corrected with the enclosed contract which renders null and void the contract given you last Friday.

Please return the erroneous contract and treat the enclosed one as the official offer from the Board for the 1980–81 school year.

The letter constituted affirmative action by the School District and clearly informed Gillespie that the School District did not intend to renew her contract on the same terms and conditions as the 1979–80 contract.[2] Since the School District substantially complied with the notice provisions of section 1304(b), the opinion of the district court is affirmed.[3]

Affirmed.

2. Since Gillespie would have had to abandon her claim to a counselor contract to accept the teaching position offered by the School District, we suggest that the School District seriously consider any reapplication for a teaching contract which Gillespie might tender.

3. Additionally, we reject appellees' application for attorney's fees.