132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, for the use and benefit of McAmis
Industries of Oregon, Inc., Plaintiff-Appellee,
v.
M. CUTTER COMPANY and Indemnity Company of California,
Defendant-Appellants.
 No. 96-35776, 96-35846.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 4, 1997.
Dec. 05, 1997.
As Amended Jan. 8, 1998.
 
 1
 Appeal from the United States District Court for the District of Oregon HELEN J. FRYE, District Judge, Presiding.
 
 
 2
 Before NOONAN and HAWKINS, Circuit Judges and MERHIGE**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 McAmis Industries of Oregon ("McAmis") sued M. Cutter Company ("Cutter") and Indemnity Company of California ("ICC") under the Miller Act. The district court granted McAmis summary judgment. We affirm.
 
 FACTS
 
 5
 Cutter chartered two barges from McAmis (the "Charter") contingent on Cutter using the tugboat Helen G to tow and tend the barges. Cutter chartered the Helen G from Campbell Towing and Marine Construction ("Campbell"). The barges were damaged while under charter to Cutter. Cutter stopped using the barges on March 15, 1995, but they were not repaired and accepted back by McAmis until June 29, 1995.
 
 PROCEEDINGS BELOW
 
 6
 McAmis sued Cutter and ICC (the issuer of Cutter's performance bond) under the Miller Act, 40 U.S.C. § 270b, seeking damages and attorney's fees. Cutter counterclaimed for an unspecified amount of damages. The district court granted McAmis summary judgment, awarding it $173,451.05 for unpaid charter hire and repairs to the barges, $18,744.61 interest, and $20,344 for attorney's fees. Cutter and ICC appeal.
 
 ANALYSIS
 
 7
 The Court reviews the district court's grant of summary judgment to McAmis de novo. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997).
 
 
 8
 The Charter unambiguously created a demise. The Charter was captioned "Bareboat Charter Party," stated that McAmis "charter[ed] [the Barges] by demise" to Cutter, and provided that Cutter "assume[d] ... responsibility, liability and benefit of and for the use, control and operation of the" barges. The barges were chartered unmanned--Cutter contracted separately with Campbell to tow the barges and the Helen G was under Cutter's control as regards employment of the barges.
 
 
 9
 Cutter's assertions that Campbell was McAmis' agent and that Campbell damaged the barges and delayed their repair and redelivery do not preclude a finding that the Charter created a demise. See Guzman v. Pichirilo, 369 U.S. 698, 701 ("[T]he fact that the Captain is employed by the owner is not fatal to the creation of a demise charter party.") As a demise charterer, Cutter was "responsible for any damage to [the barges], ordinary wear and tear excepted, caused by [its] negligence or the negligence of those to whom it" entrusted them. 2 Benedict on Admiralty § 221 (1997).
 
 
 10
 The Charter unambiguously provided that Cutter remained bound to continue paying charter hire until McAmis accepted redelivery of the barges. This provision was "reasonable in light of [McAmis'] anticipated or actual loss ... and the difficulties of proof of loss," Restatement (Second) of Contracts § 356 (1981), and was properly enforced by the district court. Cutter has not "produce[d] evidence showing that [McAmis] with reasonable effort could have mitigated [its] damages" by re-chartering the barges. United States ex rel. Tom Growney Equip., Inc. v. Fisher, 457 F.2d 1298, 1300-01 (10th Cir.1972).
 
 
 11
 As the result is mixed as to success, the parties are to bear their own costs.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir R. 36-3